1829.

Wood
v.
Executors of
Riker.

[*616]

---

## WOOD AND WIFE *v.* THE EXECUTORS OF RIKER.

Where a legacy to a daughter was payable on her marriage or when she became of age, and she married before arriving at full age, in a suit brought by her and her husband for the legacy, after the lapse of six years it was held that the statute of limitations did not run against her, she coming within the exception in the statute in favor of *femes covert*.

Where the statute of limitations is a good defence to only a part of the complainants' demand, if pleaded as a bar to the whole, the plea will be bar.

THE intestate, G. Riker, was the testamentary guardian of the complainant, Phebe Ann Wood, and the surviving

October 6th.

executor of her father's will. Her share of the estate was to be paid when she became of age, or was married. Previous to her marriage, the guardian received $500 in satisfaction for an assault committed upon her. She married Wood in 1819, and became of age in July, 1821. Riker died in September, 1827, and in 1829, the bill in this case was filed against his executors for an account and payment of Mrs. Wood's share of the estate, and of the money received upon the compromise for the assault and battery. The executors put in a plea of the statute of limitations.

*L. Jenkins* for complainants.

*P. A. Jay* for defendants.

*THE CHANCELLOR :—The right of Mrs. Wood to a share of her father's estate did not accrue till after her marriage, which brings this case within the exception contained in the statute in favor of *femes covert.* It does not appear when the $500 which was received by Riker as guardian, was paid to him. As to that, he was bound to account when she became of age. The statute would not commence running until the expiration of his trust, even if it can be considered a bar in any case of a direct trust. If the statute of limitations was a good defence to one part of the complainant's demand, it is not properly pleaded as a bar to the whole. As Mrs. Wood was both an infant and *feme covert*, and the latter disability still continues, the plea is bad in substance.

It must be overruled with costs; and the defendants must answer the bill and pay the costs within twenty days after service of a copy of this decree.