No. 63.—John Flynt and Wife, plaintiffs in error, *vs.* Elijah Hatchett, trustee, &c. defendant in error.

[1.] When an action is brought by a *cestui que trust*, to enforce against the trustee the provisions of the trust deed, and he does not deny the complainant's interest in the trust estate, but defends upon other grounds, the limitation to the suit is the time applicable to sealed instruments.

[2.] The Statute of Limitations does not run against a married woman, to whom property had been left in trust, after her coverture, she being within the exception in the Statute in favor of *feme coverts*, in a case where she and her husband are suing in Equity for the recovery of the property.

In Equity, in Harris Superior Court. Tried before Judge Alexander, September Term, 1850.

On the 28th March, 1826, William Hatchett executed and delivered to John B. Hatchett a deed of trust, conveying certain lands and negro slaves, and a considerable quantity of personal property, first to pay the debts of said William, then in trust for the use of the wife of William Hatchett and his minor children, during the natural life of said William, and at his death to assign one-third part thereof to the wife of said William, to be enjoyed during her life, and at her death, to be equally divided by said John B. Hatchett between the children of said William; the remaining two-thirds to be divided between the children at the death of the said William. About the first of the year 1834, William Hatchett died. At which time John B. Hatchett assigned one-third to the widow, and divided the major part of the remainder between some of the children, omitting John Flynt, who married one of the children of William Hatchett.

In May, 1839, the widow of William Hatchett died, at which time John B. Hatchett took possession of the remaining third of the property, and again made distribution, omitting John Flynt and wife.

In November, 1845, John Flynt and wife filed their bill in Equity, alleging the foregoing facts, and others not necessary to be here repeated, and praying an account by Hatchett, the trus-

tee. Flynt and wife were married before the execution of the deed by William Hatchett.

John B. Hatchett, by his answer, admitted the foregoing facts, and assigned as a reason why Flynt and wife were not included in the distribution, that at the time of their marriage, and before the execution of the deed of trust, William Hatchett placed in their possession a negro woman, (not included in the deed,) on condition that the said negro was to be accounted for on a final settlement of the portion of said Henrietta Flynt; that John Flynt was notified of the distribution at the time it was made; that the value of said negro woman exceeded the amount of a distributive share under said deed of trust, and that Flynt and wife were, therefore, fully paid off. He also insisted upon the Statute of Limitations.

Upon the trial, the presiding Judge charged the Jury, "That said suit was not founded upon the deed of trust executed by William Hatchett to John B. Hatchett, and that the Statute of Limitations for sealed instruments, viz : twenty years, was not applicable thereto."

To this decision and charge complainants excepted.

The Court farther charged, " That notwithstanding they might believe that Henrietta Flynt was a *feme covert* at the time of the accrual of the rights under the deed of trust, and of the cause of action, and was still a *feme covert*, yet the case did not fall within the exceptions to the Statute of Limitations in favor of *feme coverts*; and that if more than *four* years had elapsed from the distribution of said estate, with notice to complainants, before the commencement of said suit, the rights of complainant were barred by the Statute of Limitations."

To which charge complainants excepted.

On these exceptions error was assigned.

B. HILL, for plaintiff in error, made the following points :

1st. The Court erred in charging that this suit was not founded on the deed of trust, and that the Statute of Limitations for sealed instruments was not applicable to the case.

We contend that the rights of the trustee being solely derived from the deed of trust, the trust being accepted by him, the rights of the *cestui que trust* against both the grantor and the trustee, are derived from the deed.

We also contend, that it was not necessary for the trustee to accept under seal.

Even in covenants, "if A covenants generally to indemnify B, B may have covenant, though he did not seal the articles, and the covenant was not with him." *Com. Dig. vol.* 3, *Covenants, A.* 1, *p.* 250.

So, if one lease to A and B by indenture, and A seals a counterpart, and B agrees to the lease, but *does not seal*, yet B may be charged for a covenant broken. 3 *Com. Dig. Ib.*

And yet covenant cannot be supported except *upon a sealed instrument*. See also, *Ketchum vs. Catlen*, 6 *Wash. Rep.* 292. 3d *vol. U. S. Law Mag.* 85. 1 *Kelly*, 231.

A trustee having accepted the trust, cannot divest himself of it afterwards, without performance, except by aid of Chancery. 4 *Kent's Com.* 311.

2d. The Court erred in charging, that although Mrs. Flynt was a *feme covert* at the time of the accrual of the cause of action, and is yet a *feme covert*, still the case is not within the exception of the Statute of Limitations. *Prince's Dig.* 577.

We contend that the rights involved in this case are, to *all intents and purposes, those of the wife.*

1. The husband cannot sue for it without joining his wife. *Blount vs. Bustland*, 5 *Ves.* 515. *Carr vs. Taylor*, 10 *Ves.* 578. *Loughn vs. Nonry*, 3 *Ves.* 467. *Schuyler vs. Hoyle*, 5 *John. Ch. R.* 210.

And in this there is no distinction between rights accruing *before and during coverture*, except as to choses in action *that can be recovered at Law.* 5 *Ves.* 515. 10 *Ib.* 578. 5 *J. Ch. Rep.* 210. And even these may be enjoined. *Note*, 5 *Ves.* 515. 5 *J. Ch. R.* 477.

2. In such suits the Court will settle the recovery on the wife, *unless the wife expressly waive the settlement. Kenny vs. Udall*, 5 *J. Ch. R.* 473. *Haviland vs. Myers*, 6 *Ib.* 25. 5 *Ib.*

207.   *Clancy,* 444.   2 *Bail. R.* 477.   *Sayre vs. Flournoy,* 3 *Kelly,* 547. :

3d. And this, although the husband has assigned for a valuable consideration to a creditor, and here, also, there is no distinction between rights accruing *before* and *after coverture.   Kenny vs. Udall,* 5 *J. Ch. R.* 473.   6 *Ib.* 25.   5 *Ib.* 207, *and cases cited.*

4th. On the husband's death, the right (and if a 'suit, then the suit,) survives to her.   *Schuyler vs. Hoyle,* 5 *J. Ch. R.* 208.   *Stor. Eq. P.* 294.   *Stephens vs. Beall,* 4 *Ga. R.* 321.   *McDowl and wif evs. Charles,* 6 *J. C. R.* 132.

If, then, the property sued for is the wife's property, and we have shown that it is, then it is certainly within the exception of the Statute.   *See the case of Sayer & Sayer vs. Flournoy et al.* 3 *Ga. R.* 547.

If, then, the Statute in relation to *feme coverts* does not apply to a case like this, it cannot have any application.   *Jackson vs. Johnson,* 5 *Cowen's Rep.* 76, 77.   *Southerland, J.* 89, 93, 94.   *Savage Ch. J.* 101.   *Wordsworth, J. dis.* 104, 105, 106.   2 *Met. & Per. U. S. Dig.* 810.   2 *Sup. Ib.* 361, 362.

5th. A legacy to a daughter was payable on her marriage, or when she became of age, and she married before coming of age, in a suit brought by her and her husband for the legacy, *after the lapse of six years,* held that she came within the exception of the Statute.   *Ang. on Lim.* 208, 209.   *Wood vs. Ailken,* 1 *Paige's Ch. R.* 616.   Shall the Statute be made to run against the wife, as between her and her trustee ?   2 *U. S. Dig.* 810.   *Supplement, vol.* 2, 361, 362.

6th. Another construction of the Statute is, that it has never been construed so as to prevent a person laboring under a disability, from suing at any time *during* the disability.   *Ang. on Lim.* 205, §4.

PORTER INGRAM, for defendant in error, presented the following points and authorities :

The action is not founded on an instrument under seal.   *Angel on Lim.* 94.

The *coverture* of one of the plaintiffs does not bring them within the *exceptions* in the Statute of Limitations; the disability must extend to all the parties.   See *Statute of Limitations, Prince*, 577.   *Barbour & Harrington's Digest*, 207, 218, *and cases cited.   Turner vs. Debell*, 2 *A. K. Marsh.* 384.   *Floyd vs. Johnson*, 2 *Litt.* 112.   *Ridon vs. Frion*, 3 *Murph.* 577.

But there is no *disability* in this case—the wife is only a *nominal* party.   The action might have been brought in the name of the husband alone.   The title *vested* in him.   The *disability* applies only to cases where the wife alone has the interest in the subject matter of the suit.   6 *Ala. Rep.* 589.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] This action is founded on the trust deed.   It is brought to enforce the trust.   Whatever rights the complainants have, they grow out of the deed.   They set forth the deed, and claim to be beneficially interested in the property which it conveys. Affirming, they claim under it.   The legal title is in the defendant—he having accepted the trust.   The complainants come into Equity, to divest his legal title, and to assert their claim as *cestui que trusts.*   The defendant, in his answer, does not deny the deed, or his character of trustee, or that the complainants are interested in the trust property; but admitting all these things, defends upon the ground that, by the deed, the advance to the complainants by the grantor, is to be, by them, accounted for before they can receive anything farther; and that the advancement to them is greater than their share.   They do not allege mismanagement.   Both parties recognize the trust, and our opinion is, that the bill is founded on the deed, and that if it were a case wherein the Statute of Limitations would be applicable, the bar prescribed for sealed instruments would be the bar alone available for the defendant.   In this we disagree with the Court below.

[2.] But it is claimed by the plaintiff in error, that Mrs. Flynt, who was a *feme covert* when this deed was executed, and who is, with her husband, a party complainant in the bill, is within

the exception of the Statute of Limitations in favor of *feme coverts*. At the time that this deed was executed, she was married. When her rights accrued in the property, she was a *feme covert*, and has not been discovert. If she has, as a *feme covert*, rights under this deed, apart from her husband, she must be within the exception. She has such right, for first, if he dies before the property is reduced into possession, the action survives to her, and the property will vest in her to the exclusion of his representatives. Whatever may be the rule as to the wife's legal *choses in action* in a Court of Law, it is clear that the husband cannot proceed in Equity, to reduce into possession a property accruing during coverture, without making her a party; because, upon his death before reduction into possession, it and the action survive to her. *Schuyler vs. Hoyle*, 5 Johns. Ch. R. 196. *Carr vs. Taylor*, 10 *Vesey's Rep.* 578.  3 *Vesey*, 467.  5 *Ib.* 515.  5 *Johns. Ch. R.* 470.  *Sayer & Sayer vs. Flournoy*, 3 Kelly, 546, '47.  2 *Bla. Com.* 351.  *Clancy's Husb. and Wife*, 109.  4 *Ga. Rep.* 321.

Here the legal estate in the trustee could not be divested at Law. The husband had no alternative but to go into Equity, and then, no alternative but to make his wife a party. What, then, is his right? It is the right of reduction into possession, and no more. All other interest in the property is in the wife. But this naked right of reducing into possession, secondly, is always subject to the wife's equity, which, in equitable contemplation, is the whole estate, because it is within the competency of Chancery to settle upon her, if circumstances require it, the whole estate. The doctrine of the wife's equity is well settled in this Court. She is entitled to a part or the whole against her husband, his creditors and assignees, at her own motion, or when the husband or other persons move in a Court of Equity to recover it. See *Sayre vs. Flournoy*, 3 Kelly, 546, '47. *Bell et al. vs. Bell*, 1 Kelly, 639, and *authorities referred to in these cases*.

The wife is to be viewed as the equitable owner, and being under coverture, her rights are protected by the exception in the

Statute in favor of *feme coverts.* Directly in point, see 1 *Paige,* 616.

Let the judgment be reversed.