### BURNETT *v.* WRIGHT et al.

*(Supreme Court, General Term, Fifth Department.　January 22, 1892.)*

LIMITATION OF ACTIONS—PLEADING.

　　In November, 1887, plaintiff sued to reform and foreclose a mortgage executed January, 1868. Defendants answered "that the said alleged cause of action set out in the complaint herein did not accrue at any time within the period of ten years prior to the commencement thereof." *Held*, that the statute of limitations was well pleaded, under Code Civil Proc. §§ 381, 388, providing that an action to reform a mortgage must be brought within 10 years, and an action to foreclose within 20 years, from the time the right of action accrues, as foreclosure could not be decreed until the mortgage was reformed.

Appeal from special term, Monroe county.

Action by Mary J. Burnett against Charles S. Wright, executor, and another. Judgment dismissing the complaint and denying costs to defendants. Plaintiff appeals from the judgment dismissing the complaint, and defendants appeal from that portion denying costs. Affirmed.

Argued before DWIGHT, P. J., and LEWIS, J.

*M. W. Cooke*, for plaintiff. *D. B. Beach*, for defendants.

DWIGHT, P. J. The action was to reform and foreclose a mortgage of real estate. The instrument set out in the complaint was in the usual form of a real-estate mortgage, reciting a consideration of $600 for the conveyance of the land, but omitting to mention any sum as the amount the payment of which it was intended to secure. The instrument was drawn upon one of the standard blanks for mortgages employed by scriveners in this state, and the blank was filled out in every respect, except that no words or figures were inserted in the blank in the sentence, "This grant is intended as security for the payment of the sum of ——— in one year from the date of this instru-

ment," etc. The complaint contained appropriate allegations for a reformation of the mortgage by the insertion in the blank of the sum of $677.17, and ended with a prayer for relief which embraced such a reformation and a foreclosure of the mortgage for that sum, with interest. The answer of the defendant, as the executor of the deceased mortgagor, as also the answer of Jane Gould, a grantee of the mortgaged premises, who was made a defendant, but died pending the action, and for whom the defendant was substituted as her executor, set up certain equitable defenses. and pleaded both the 20-years and the 10-years statute of limitations to the action; the latter plea in both answers being in these words: "That the said alleged cause of action set out in the complaint herein did not accrue at any time within the period of ten years prior to the commencement thereof." The mortgage was executed, acknowledged, and delivered in January, 1868, and the action was commenced in November, 1887. The court at special term found and held that the mortgage was void for uncertainty, since it specified no sum for which it was intended as security, or for which it could be enforced; that the ambiguity or defect was a patent one, and therefore it could not be explained or supplied by parol proof; that the mortgage, in order to be enforced, must be reformed; and that the cause of action for reformation was barred by the 10-years statute of limitations, and on that ground dismissed the complaint. Against this disposition of the case the plaintiff (appellant) makes two contentions. The first is that the 10-years statute was not effectually pleaded, and this upon the sole ground, as we understand, that it was pleaded to the whole of the plaintiff's cause of action, whereas it applies only to that portion of the cause of action which asks for a reformation of the mortgage. We do not think the position is well taken. The final cause of action is really one, viz., for the foreclosure of the mortgage. But the mortgage being void for uncertainty, and incapable of enforcement, as it stands, its reformation is a necessary incident of its foreclosure. Without reformation, the mortgage cannot be foreclosed. The statement of the cause of action for a foreclosure of the mortgage is incomplete without the allegations showing that the plaintiff is entitled to its reformation. With this view, no doubt, the complaint purports to state but one cause of action, of which the object is the foreclosure of the mortgage, and, as preliminary thereto, a reformation of the mortgage by inserting in the blank the sum intended to be secured thereby. It is true that a separate action might have been maintained for the reformation of the mortgage, but such an action could have had no other object than to prepare the way for an action to foreclose it; and when the plaintiff determined upon a single action he very properly grouped all his allegations in a single narrative, intended to exhibit his right to have his mortgage foreclosed, and, in order thereto, to have it reformed. The case is very different from that of *Brockway* v. *Wells*, 1 Paige, 616, the only authority cited by counsel for the plaintiff in support of his present contention. In that case the action was to recover, after an accounting, two several and distinct sums of money received by the defendant at different times and in different capacities of trust. The two causes of action were entirely distinct; neither was in the least degree dependent upon the other; and it was held that a general plea of the statute of limitations was bad. We think the authority and the principle of it fail of application to this case.

The other contention on behalf of the plaintiff we regard as much more ingenious than sound. It is to the effect that the condition or defeasance clause of the mortgage may be disregarded, in which case the instrument would become an absolute conveyance on its face, and, being intended as a mortgage, may be enforced as such, without the aid of the power of sale contained in the instrument as executed between the parties. In such case no reformation is necessary. The action becomes one on a sealed instrument, and is subject only to the 20-years limitation, and not to the limitation of 10 years,

as in cases when a reformation is required.   It is a little difficult to character-
ize this contention; it seems to be contrary both to pleading and to proof.
The instrument is both declared upon as a mortgage and proved to be such.
The contention requires a double transformation of the deed, first from a
mortgage to an absolute conveyance, contrary to the act of the parties between
whom it was executed and delivered, and then from an absolute conveyance
to a mortgage, in accordance with their intent.   Counsel in his argument
even appeals to the terms of that portion of the instrument which it is pro-
posed shall be disregarded for evidence of the intention of the parties as to
the nature and effect of the instrument.   We think that neither of the
answers of the plaintiff to the findings and conclusions of the court is effect-
ual as such.   The authorities cited by the learned judge at special term sup-
port those conclusions, (*Eaton* v. *Wilcox*, 42 Hun, 61; *Vandevoort* v. *Dewey*,
Id. 71;) and those conclusions support the judgment dismissing the com-
plaint.   There are suggestions in the case of circumstances which render the
plea of the statute of limitations far from unconscionable; but as none of
the evidence is printed, and the findings of the court do not embrace the cir-
cumstances referred to, we are not supplied with the *data* upon which to re-
view the discretion of the court in refusing costs to the defendant.   Judg-
ment appealed from affirmed, without costs of this appeal to either party.

LEWIS, J., concurs.   MACOMBER, J., not voting.