WARNER E. SPRAGUE, Respondent, *v.* WILLIAM B. COCHRAN, Appellant.

*Statute of Limitations — a bar to an action, brought after ten years, to reform a mortgage — equitable mortgage by parol.*

An action brought to reform a mortgage falls within the bar of the ten year Statute of Limitations.

Where the parties have reduced a mortgage to writing, although it is claimed by one of them to be erroneous by reason of a portion of the real estate, intended to be included therein, having been omitted therefrom by mistake, such party cannot fall back upon the original agreement by which, in consideration of money advanced to him, the mortgagor agreed to execute a mortgage upon all of his real estate, and claim that such agreement created a mortgage in equity, and that there was, therefore, no necessity of reforming the written instrument. The parties having reduced their agreement to writing must, subject to its being reformed, be governed thereby.

APPEAL by the defendant, William B. Cochran, from so much of a judgment of the Supreme Court, entered in the office of the clerk of Sullivan county on the 19th day of May, 1892, as decrees a reformation of the mortgage set out in the complaint, and also from an order made at the Ulster County Special Term granting the plaintiff leave to amend the complaint so as to claim a reformation of said mortgage entered in the clerk's office of Sullivan county on the 4th day of June, 1892.

The action was tried before a referee, upon whose report judgment was entered adjudicating the rights and interests of the several parties to the action in certain pieces of real estate, and providing for a foreclosure of a mortgage and determining the disposition of the proceeds thereof.

The bond and mortgage in question bore date February 9, 1876, and this action was commenced in September, 1887.

*T. F. Bush*, for the respondent.

*George H. Carpenter*, for the appellant.

PUTNAM, J.:

The only matter necessary to be considered by us is whether plaintiff's right to a reformation of the mortgage in suit was barred by the Statute of Limitations, and, if so, whether such a reformation was necessary to sustain the judgment rendered.

It is suggested that the question involved has not been passed upon by the Court of Appeals. But there are several well-considered cases in this court holding that an action to reform a deed must be brought within ten years, and we deem it right to follow those decisions. (*Hoyt* v. *Putnam*, 39 Hun, 402; *Oakes* v. *Howell*, 27 How. 145; *Cramer* v. *Benton*, 4 Lans. 294.) *Burnett* v. *Wright* (44 N. Y. St. Repr. 14), was an action to foreclose and reform a mortgage drawn on one of the usual blanks, the scrivener omitting to insert in the defeasance clause the amount of the mortgage debt. It read thus: " This grant is intended as security for the payment of             ," without inserting any amount. The action was brought nineteen years after the execution of the instrument.

This court held that it was a case where it was necessary to reform the mortgage and that the action for the reformation must be brought within ten years. The judgment was reversed by the Court of Appeals (135 N. Y. 543) *on the sole ground* that no reformation was required. That the mortgage had as much force as if drawn in the form of a deed, and that a defeasance need not ever be in writing, but may be shown by parol. The Court of Appeals did not overrule the doctrine declared by the General Term that an action to reform a deed must be brought within ten years, but apparently acquiesced in that regard in the decision of the court below. Hence the case cited is an authority that the ten years'-limitation applies to an action to reform a mortgage.

I am unable to concur in the view stated in *Syms* v. *The Mayor* (50 N. Y. Super. Ct. 289–294), as applicable to such a case as this. The error in the description of the mortgage in suit was caused by a *mutual mistake*, as found by the referee. There was no fraud, actual or constructive. Hence the provisions of subdivision 5, section 382, Civil Code, are not applicable. The cause of action accrued on the delivery of the mortgage, over ten years prior to the commencement of the action. It is a case where the provisions of section 388 apply. The case of *Welles* v. *Yates* (44 N. Y. 525), was a case of fraud, and hence not similar to the one under consideration. We, therefore, conclude that the right to reform the mortgage was barred by the Statute of Limitations.

But the learned counsel for plaintiff claims, as I understand his

position, that the agreement of defendant in consideration of the $3,000 advanced to him, to execute a mortgage *upon all of his real estate*, was in equity a mortgage thereon, and that a portion of the said real estate being omitted by mistake, and not included therein, will be treated in equity as being embraced therein, and that hence, in fact, no reformation of the instrument was necessary. That there being a valid equitable mortgage upon all of defendant's premises the action thereon is not barred while the bond remains in force. This position is a novel one, and, we think, cannot be sustained. The parties having reduced their contract to writing, the writing, unless reformed, must govern. Doubtless, if the action had been been commenced in time, equity could have reformed the contract and made it conform to the real agreement of the parties. But the right to reform having been lost by the lapse of time, the written contract must govern.

In *Burnett* v. *Wright* (*supra*), it did not apparently occur to the members of the court, at General Term or in the Court of Appeals, that the mortgage in that case was an equitable one, and was, to all intents and purposes, as valid as though the agreement of the parties had been wholly embraced therein. The General Term in effect held a contrary doctrine, and the Court of Appeals decided that it was not an equitable but a legal mortgage. In that case, had the mortgage only covered a part of the premises agreed to be covered, I infer from the opinion that the Court of Appeals would have held a reformation necessary.

Our conclusion is that the order allowing an amendment should be reversed, and the motion denied, and the judgment should be modified in pursuance of this memorandum, with costs to the appellant.

MAYHAM, P. J., and HERRICK, J., concurred.

Order allowing amendment reversed, and motion denied, and the judgment modified in pursuance of memorandum, costs to the appellant.