State of Missouri ex rel. to use of Frank v. Adm'r of Frank et al.

———•———

THE STATE OF MISSOURI *ex rel.*, ETC., TO USE OF MINNA FRANK, Defendant in Error, *v.* ADMINISTRATOR OF JOHN A. FRANK *et al.*, Plaintiffs in Error.

1. *Bonds may be reformed by courts — Evidence of mistake should be clear, etc.*—Courts may reform bonds, both as against principals and sureties. But to authorize such steps, the evidence must be unequivocal to show the existence of the mistake and its precise character. Thus a court may insert the penalty in a bond, where the same was omitted clearly by mistake, and the extent of the liability of those who executed the instrument can be definitely ascertained.

*Error to Cape Girardeau Circuit Court.*

*Dennis & Wilson*, for plaintiffs in errors.

*W. W. Cramer*, for defendant in error.

BLISS, Judge, delivered the opinion of the court.

The petition alleges that John A. Frank was appointed administrator of the estate of George D. Frank, father of Minna Frank; that he executed the usual administration bond, with the other defendants as sureties, but that by accident or mistake the bond omitted to specify the penal sum; and plaintiffs ask for its reformation by filling the blank. The petition does not name any specific sum which was supposed to have been inserted, nor does it allege that it was executed in blank, with authority to fill

State of Missouri ex rel. to use of Frank v. Adm'r of Frank et al.

it up, which those interested neglected to do. The defendants demurred, the demurrer was overruled, and judgment was given according to the prayer of the petition.

The right to reform a bond against sureties has been sometimes denied (Ward v. Wibber, 1 Wash., Va., 274; Harrison v. Minge, 2 Wash., Va., 136), but it is, notwithstanding, well settled that courts will make these instruments, as well as others, what the parties intended and supposed them to be, and against sureties as well as against principals. (Crowly v. Middleton, Prac. in Ch. 309; Harris, Adm'r, v. Pitman, 2 Hay, N. C., 331; Wiser v. Blackley, 1 Johns. Ch. 609; Burg v. Radcliffe, 6 Johns. Ch. 302.) But there must be clearness and certainty in showing the mistake. Every presumption is in favor of the instrument as it is, and the evidence must be unequivocal to show both that an error was committed and also its precise character. This implies the ability to show the language the parties intended to use. In the present case, that there was a mistake is sufficiently clear. A bond was filed, regular in all its parts except the filling of a blank, in the usual printed forms, with the amount of the penalty. Letters were issued and the estate settled. The court would be warranted in assuming that the parties intended to insert a penalty, and that the Probate Court supposed it was in the bond when approved. Without such intention their action would be a fraud and imposition on the court, which will not be presumed. But there is nothing in the petition to show what the penalty was, and hence the demurrer should have been sustained. The court gave judgment for $2,000, but the sum might as well have been $200 or $10,000, for the pleading would sustain one sum as well as another. It was therefore radically defective, and in a most material point. So far as the principal is concerned, it might not matter, for he would be personally responsible for the amount of his defalcation whatever the penalty. But it is not so with his sureties, for their liability is expressly limited, and the extent of this limitation is material; it was a part of their contract, and the instrument when reformed must show it, and show it correctly. The petition should have expressly pointed out the error, and was properly demurred to for not having done it.

As this case will be remanded with leave to amend, it is proper to say that the records of the Probate Court should show in the approval of the bond, or in the order fixing its amount, what was its penalty. If they have been properly kept, it will not be very difficult to ascertain the extent of the liability assumed by those who executed it; but unless it can be shown by that or some other competent evidence, the court cannot guess at it, or arbitrarily make it large enough to cover the default of the administrator.

The other judges concurring, the judgment will be reversed and the cause remanded with leave to amend the petition.