## GILL v. SULLIVAN ET AL.

## MULDOWNEY v. THE SAME.

## WALSH v. THE SAME.

1. **Supersedeas Bond:** RECOVERY ON LIMITED BY TERMS OF BOND. In an action upon a supersedeas bond, the recovery must be limited by the terms of the bond. Accordingly, where in a certain action the plaintiff herein was decreed to be entitled to the possession of certain real estate, and the defendants appealed to the supreme court, and filed a bond, which was regarded by all the parties as a supersedeas bond, but which did not obligate the appellants in that case to pay "all rents and damages to property during the pendency of the appeal, out of which the appellee is kept by reason of the appeal," (Code, § 3186,) *held* that the bond did not in fact supersede the judgment, and that, after an affirmance of the cause in the supreme court, plaintiff could not recover upon the bond for rents and damages to the real estate during the pendency of the appeal.

*Appeal from Iowa District Court.*

FRIDAY, DECEMBER 14.

THESE are actions upon a supersedeas bond given in actions appealed to this court. A demurrer to the petition in each

case was sustained, and judgment thereon was rendered for defendants. Plaintiffs appeal. The cases, involving the same facts, were submitted upon one abstract.

*F. P. Murphy*, for appellants.

*Rumple & Lake*, for appellees.

BECK, J.—I.   In an action in the circuit court, the plaintiffs were held to be the owners of certain real estate, and from the decision the defendants appealed to this court, and filed in the respective actions the supersedeas bonds upon which these suits are brought. The judgments were affirmed in this court. These facts. are alleged in the petition, which claims to recover for the rents and profits of the real estate. and damages for injury done thereto. The bonds are condi- tioned that "appellants shall pay to the appellees all costs and damages that shall be adjudged against appellants on said appeal, and shall also satisfy and perform the said judg- ment or order appealed from, in case it shall be affirmed, and any judgment or order which the supreme court may render, or order to be rendered by the circuit court." The demurrers to the petitions, were sustained by the court, upon the ground that the defendants are not, by the terms of the bonds, liable for rents of and injury to the property.

II.   We think the demurrers were rightly sustained. The damages which plaintiffs claim in these actions do not arise upon a breach of any condition of the bonds creating liabil- ities for rents and profits and for injury. to the lands. Under the statute, the bonds, in order to supersede the judgments, should have contained such condition. Code, § 3186. By its omission, the bonds did not lawfully operate to supersede the judgments. The contracts of the parties were expressed in the bonds, and they cannot be extended on the ground that they were mistakenly regarded as superseding the judg- ments.

III. The section of the Code above cited prescribes that a supersedeas bond shall be "to the effect that the appellant shall pay to the appellee all costs and damages that shall be adjudged against the appellant on the appeal; also that he shall satisfy and perform the judgment or order appealed from, in case it shall be affirmed, and any judgment or order which the supreme court may render, or order to be rendered by the inferior court, not exceeding in amount the value of the original judgment or order, and all rents and damages to property during the pendency of the appeal, out of which the appellee is kept by reason of the appeal."

Counsel for plaintiffs insist that the last clause of this provision, beginning with the words "not exceeding the amount," to the end of the quotation, is a limitation upon the amount which the obligee may recover, and is not intended to express a condition of the bond. This is a mistaken construction. The language quoted prescribes the conditions of the bond, one of which is to the effect that the obligor shall be liable for rents and injury to the property, possession of which is held pending the appeal. The limitation upon the recovery expressed by the words, "not exceeding in amount or value the original judgment," etc., is a part of the condition, and does not extend to rents of and injury to property. These words do not qualify those following them; they limit those preceding them.

As the bonds contain no contract binding defendants for rents and injury to the property, they cannot be held liable therefor in this action.

The judgment of the circuit court is

AFFIRMED.