Williams, J.
The principal question presented is, whether a written instrument, which, by mistake, fails to express the agreement of the parties, may be reformed, and then enforced against a surety. The plaintiffs in error contend that it cannot; and, for that reason, they claim the court of common pleas erred in overruling their demurrer to the amended petition, and awarding the relief it demanded against them.
This court, in a number of decisions, has strictly adhered to the rule, that the lialility of a surety cannot be extended by implication, beyond the terms of his contract. In State v. Medary, 17 Ohio, 554, it was held, that t.he sureties on a bond conditioned for the faithful performance by the principal of his duties as a member of the board of public works, were not liable for his defalcation as an acting commissioner under the appointment of the board.
*400 In McGorney v. State, 20 Ohio, 93, which was an action at law, on an executor’s bond conditioned for the faithful administration of the estate of James Findley, the court held that the sureties were not liable for the maladministration by the executor named, of the estate of Joseph Findley; and, that the bond could not, by parol evidence, be made applicable to the estate of Joseph Findley. It was decided in the case of Myers v. Parker, 6 Ohio St., 501, that an appeal bond, which recited that the appellant had taken an appeal from the judgment of the court of common pleas to the Supreme Court of the county, and the condition of which was that he would pay the amount of the condemnation money in the Supreme Court, in case a decree should be entered therein in favor of the appellee, did not bind the .sureties for the payment of a judgment of the district court, which, at the date of the bond, had superseded the Supreme Court. In neither of these cases, however, was the reformation of the written instrument sought, nor, were the allegations necessary to entitle the parties to that remedy, made by the pleadings. The same may be said of all the cases cited by counsel for the plaintiffs in error. We have been unable to find any reported decision, in which the question here presented has received the consideration of this court.
It is well settled, that written contracts, and other instruments of writing, may be reformed, when, through fraud or mistake, they fail to express the actual agreement and intention of the parties; and, that the fraud, or mistake, may be established by parol evidence. That doctrine has been fully maintained in numerous cases in this state. The remedy has been administered even where the mistake was in the legal effect of the terms of the instrument; and, but for the statute of frauds, there would appear to be no reason why the contracts of sureties should not be subject to the remedy, the same as other written instruments. The obligation of the surety rests upon a consideration as adequate as that of the principal; for, though he receive no pecuniary or other benefit for his undertaking, credit is extended to' the principal, and advantages are obtained by him, upon *401 the faith of the surety’s engagement. But, as the statute requires a promise to answer for the debt or default of another to be in writing, and signed by the party to be charged therewith in order to be binding, it is contended that, to permit the writing to be reformed in any material part upon parol proof of a mistake, would in effect be to establish a verbal contract, and make it obligatory upon the surety, contrary to the provisions of the statute. If that is a valid, objection to the reformation of a contract executed by a surety, it must be equally so, to the reformation of any other contract embraced in the statute of frauds; for, it is-obvious, the objection applies with equal force to all contracts that are within its provisions. The statute is not less', explicit in its requirement that contracts for the conveyance of any interest in lands shall be in writing, and signed by the party, than it is, that those of a surety or guarantor shall be of that character. Indeed, it is expressed as to both classes of contracts, in the same language, and in the same section. And if those of either class cannot, be reformed, on account of the statute, it follows that those of the other cannot; but, if either may be, then so may the other. The statute presents no greater or different obstacle in the one case, than in the other. It has long been the settled law of this state, that contracts concerning lands, and even deeds and mortgages by which they have been conveyed, may be reformed, on the ground of mistake, and upon parol proof, by correcting misdescriptions, including lands omitted by mistake, enlarging or restricting the character of the estate, inserting or qualifying covenants and conditions, and in other respects. In Davenport v. Scovill, 6 Ohio St., 459, it was held, that a mortgage might be reformed so as to include land not described in it, and then enforced against the same. In the case of Clayton v. Freet, 10 Ohio St., 545, a deed which conveyed an estate in fee simple, was so reformed as to convey a life estate to the grantee, with remainder to her children. And a deed, defective for want of an acknowledgment, was reformed by enlarging a life estate into a fee simple, and a conveyance decreed accordingly, in the case of Ormsby v. Longworth, 11 Ohio St., 653. Other *402 instances in which like relief has been awarded, may be found in Hunt v. Freeman, 1 Ohio, 490: Evarts v. Strode, 11 Ohio, 480; Webster v. Harris, 16 Ohio, 490.
With respect to the reformation of contracts within the statute of frauds, Mr Pomeroy, in section 866, of his work on Equity Jurisprudence, says: “ The doctrine in all its breadth and force is maintained by courts and jurists of the highest ability and authority, which hold that, whether the contract is executory or executed, the plaintiff may introduce parol evidence to show mistake or fraud whereby the written contract fails to express the actual agreement, and to prove the modifications necessary to be made, whether such variation consists in limiting the scope of the contract, or in enlarging and extending it so as to embrace land or other subject matter which had been omitted through fraud or mistake; and that he may then obtain a specific performance of the contract thus varied, and such relief may be granted although the agreement is one which by the statute of frauds is required to be in writing. This view, in my opinion, is not only supported by the overwhelming preponderance of judicial authority, but is in complete accordance with the fundamental principle of equity jurisprudence.” In Story’s Equity, section 164, the rule is broadly stated, that equity will administer the remedy of reformation, “on the ground of mistake,” as fully against a surety or guarantor, as against the principal party. And such is the current of authority. In Wiser v. Blackly, 1 Johnson Ch. 607, it was held that, “when the intention is manifest, this court will always relieve against mistakes in agreements, and that as well in the case of a surety, as in any other case.” There a guardian’s bond payable to the people, was corrected td run to the ward. In the case of Olmstead v. Olmstead, 38 Conn., 309, the court held that, “when the contract of a surety does not express the agreement or intention of the parties, to the injury of the obligee, and that is clearly made to appear, equity will reform the instrument, as well against the sureties as the principal.” It has been decided by the Supreme Court of Missouri, that “courts may reform bonds, both as against the principals and sureties. But to authorize such step the evi *403 dence must be unequivocal to show the existence of the mistake, and its precise character.” State v. Frank, 51 Mo. 98. And to the same effect are many cases. Among them Smith v. Allen, 1 N. J. Eq., 55; Armstead v. Bozman, 1 Ire. Eq., 117; Sipes v. Truitt, 4 Jones Eq., 361; Butler v. Durham, 3 Ire. Eq., 589; Huson v. Pitman, 2 Hayw., 504; Cute v. Knies, 102 N. Y., 377; Prior v. Williams, 3 Abb. Court of App. Dec., 624; Brandt on Suretyship, section 141.
After a careful and somewhat extended examination of the question, we have arrived at the conclusion that a written instrument executed by a surety, which, by mistake, fails-to express the actual agreement and intention of the parties, may be reformed, upon parol proof, like other written instruments, and then enforced against the surety. But the evidence must be of that clear and convincing character which leaves no reasonable doubt, either of the mistake, or the terms of the agreement.
The plaintiffs in error further claim that their demurrer to the amended petition should have been sustained, because, its averments show, that the recognizance was not legally forfeited; the forfeiture not having been made until after the verdict. The recognizance was conditioned, as the statute requires, that the accused should appear and answer the accusation made against him, and abide the order of the court. The provision of the statute is, that “if the accused fail to appear at the term of the court to which he is recognized his recognizance shall be forfeited.” The verdict was rendered and judgment entered at the term to which the accused was bound to appear, and we see no reason why the forfeiture could not be made any time during the term. The important condition of the recognizance is, that the accused shall abide the order of the court. When that is performed, its purpose is substantially accomplished; and his appearance is material only, to enable the court to enforce its judgment against him, by committing him, as the statute provides, upon his failure to furnish security for the sum he is adjudged to pay for the maintenance of the child. If he appear and defend at the trial, but fail to appear and perform the judgment of the court, there is a breach of the recognizance for *404 which it may be forfeited; and that breach can only occur after trial and verdict. We think, therefore, that the objection urged by the plaintiff in error to the forfeiture of the recognizance, is not a valid one.
It is also contended that the court erred in requiring the plaintiffs in error to go to the trial too soon after the amended petition was filed. It was filed, as the record shows, on the first day of December, 1888, and against their objection the cause was set for trial on the 8th day of the same month. Their claim is, that they were entitled to the same time in which to answer the amended petition, that is allowed by law for answer to an original petition which, it is claimed, gave them until, and including, the third Saturday after the pleading was filed, for answer; and especially should they have been allowed that rule, it is said, because no other time for answer was fixed by the court. The court is authorized to permit amendments of pleadings, before or after judgment, in furtherance of justice, on such terms as may be proper, “by inserting other allegations material to the case,” and in many other respects. Revised Statutes section 5114. An amended petition, which contains all, or part, of the ¿negations of the original petition, with others that are material, is a form of amendment permitted by the statute, and a mode often adopted; and, as the statute has prescribed no rule day for answer to such a pleading, nor to an amendment in any form, the time within which an answer may be filed to a pleading of that kind, is within the discretion of the court. Where no other time is fixed by the court, setting the case for trial on a specified day is, in effect, an order that the issues be made up by that time; and it appears they were made up in this case, before the trial commenced.

Judgment affirmed.