TIM FOLEY, Administrator, Appellant, v. J. A. HAMILTON *et al.*, Appellees.

1. **Bond of Executor:** MISTAKE: REFORMATION: LIABILITY OF SURE-TIES. The bond of the executor of the estate of O. recited that he had been by the court appointed executor "to execute his last will and testament," and was conditioned for the faithful discharge of his duties as such executor. Following the obligation of the bond, and on the same page, was the oath "as executor of the estate of O. deceased," but neither the name nor the estate of O. was elsewhere mentioned in the bond. The bond was filed with the clerk of the court, however, and treated throughout the proceedings upon said estate, as that of the executor of the estate of O. *Held*, that it appearing that the intention of the parties was to execute a bond for the benefit of the estate of O., and they having failed to express such intention through inadvertence or mistake, equity would reform the bond so as to make it conform to the intention of the parties, and that the sureties were liable upon the bond thus reformed.

2. ———: ———: ———: EVIDENCE. It appearing that said executor was never appointed by the court, having jurisdiction of the estate of O., to execute any other will than that of O., that he was previously appointed one of the temporary administrators of the estate of O., when the same sureties were his bondsmen, that upon the bond in controversy appeared his oath as executor of O.'s will, and that said bond was approved and filed as his bond in that estate, and that under it he was commissioned, and proceeded to administer on said estate, *held*, that, the evidence supported the finding that it was the will of O., which said executor was appointed to execute, and that the sureties intended the bond in question for him as such executor, and warranted the reformation of the bond accordingly.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

SATURDAY, JANUARY 20, 1894.

ACTION in equity to reform an executor's bond, and for judgment thereon, against J. A. Hamilton as principal, and William Phillips and John Roan as sureties. The defendants, Phillips and Roan, answered, denying generally, and specifically denying that they signed the bond sued upon, and denying that any judgment was rendered against Hamilton in favor of said estate. They allege, as an estoppel, that the plaintiff was guilty of gross laches and neglect in not collecting the claim sued upon from said Hamilton. A decree was entered dismissing the plaintiff's petition, and for costs. The plaintiff appeals.—*Reversed.*

*John P. Organ,* for appellant.

*Burke & Hewitt,* for appellees.

GIVEN; J.—We are entirely satisfied from the evidence that the will of John O'Brien, deceased, set out as an exhibit to the petition, was duly admitted to probate; that the defendant Hamilton was appointed and sworn as executor of the estate and will of John O'Brien; that he entered upon the duties of said executorship, and on final settlement was found to be in debt to said estate in the sum of one thousand, two hundred and eighty-two dollars and fifty-two cents, and for three hundred and sixty-eight dollars costs, no part of which has been paid. We are equally well satisfied that the defendants Phillips and Roan each signed the instrument sued upon, and that it was approved and filed as the bond of J. A. Hamilton as executor of the estate of John O'Brien, deceased. It is also entirely clear that the defendant Hamilton was removed from

said executorship, and that the plaintiff was duly appointed and qualified as administrator of said estate, and is qualified to prosecute this action. These conclusions being merely introductory to the real contentions, and but little disputed in argument, it is unnecessary that we set out more fully the issues and evidence concerning them. We are also of the opinion that the appellees have failed to establish their plea of estoppel.

I. The original of the bond sued upon is before us. It is upon a printed blank of one sheet, and is as follows:

"Know all men by these presents, that I, J. A. Hamilton, as principal, and John Roan and Wm.

1. BOND of executor: mistake: reformation: liability of sureties.

Phillips, as sureties, all of the county of Pottawattamie, in the state of Iowa, are held firmly bound unto the county aforesaid, and to all persons herein concerned, in the penal sum of eight thousand dollars, for the payment of which, well and truly to be made, we do jointly and severally bind ourselves and our lawful representatives. Witness our hands, this third day of August, A. D., 1884. The condition of the above obligation is such that, whereas, the above named J. A. Hamilton was by the court appointed executor to execute his last will and testament as aforesaid, according to the tenor and effect thereof, now, if the aforesaid J. A. Hamilton shall discharge, all and singular, his duties as executor, and at all times render a true account of his doings in the above premises whenever thereto required by law, and do all things which are, or may be, hereafter required of him by law, then these presents to be void, and otherwise to be and remain in full force and virtue in law. In witness whereof we have hereunto set our hands and seal, the date above written.

"J. A. HAMILTON,
"JOHN ROAN AND
"WM. PHILLIPS."

Following this, and upon the same page, is the oath of office, subscribed by J. A. Hamilton, September 3, 1884, as executor of the estate "of John O'Brien, deceased." Upon the opposite side of the sheet is the affidavit of the appellees, made September 5, 1884, wherein they justify as sureties, and, immediately following this, the clerk's indorsement, September 8, 1884, approving and filing the bond. This bond was filed, and treated throughout, as the bond of J. A. Hamilton, executor of the estate of John O'Brien, deceased.

It will be observed that this bond recites that J. A. Hamilton was "appointed executor to execute his last will," and that it is conditioned that he "shall discharge, all and singular, his duties as executor," and that neither the name nor the estate of John O'Brien is mentioned in the bond, or in any part of the instrument except in the oath of office. The plaintiff asks a decree correcting and reforming this bond "by inserting therein the estate of John O'Brien as the beneficiary of said bond, and by inserting in the condition of said bond the name of John O'Brien as the one of whose will the defendant J. A. Hamilton was appointed executor," and for judgment thereon. The appellees cite authorities announcing the familiar rule that the liability of sureties will not be extended by implication, and that they have a right to stand upon the very terms of their contract. It is contended that we may not inquire beyond the face of the bond, and, as it fails to show upon its face that it is for the benefit of the estate of John O'Brien, deceased, the plaintiff is not entitled to recover thereon, and a court of equity has no power to reform it.

The rule stated is unquestionably the law. Courts may only enforce contracts as the parties make them; they can not be altered, added to, or taken from. But, this does not bar inquiry as to what the contract really is. When the contract is ascertained, then the rule

applies, and the contract, as ascertained, is enforced. In *Field v. Schricher*, 14 Iowa, 122, a case in some respects similar to this, the law is stated as follows: "And while it is true, as claimed by appellants, that in construing a paper we are to look to the paper itself, and can not look to surrounding circumstances, 'to make that uncertain which is plain,' it is equally true that what a contract means is a question of law,—that, in giving it a construction, the first point is to ascertain what the parties meant. In arriving at this meaning, a few leading rules have been established, which may be stated. The subject-matter of the contract is to be fully considered. Equally important is it to know the situation of the parties and of the property, as also the purpose of the parties in making the contract, 'for the purpose and intention will be carried into effect, so far as the rules of language and law will permit.'" See, also, *Pilmer v. Bank*, 16 Iowa, 321; *Karmuller v. Krotz*, 18 Iowa, 352. It is manifest that there is a mistake in the recitation of this bond. It is legally impossible that Mr. Hamilton should have been appointed to execute his own will. It is equally manifest that his appointment was to execute the will of some other person, and that this bond was given to secure the performance of that duty. There is no mistake in the subject-matter of the bond, but in the terms by which the parties undertook to express their agreement. The rule as to reformation of written instruments is well stated in 20 Am. and Eng. Encyclopedia of Law, 713, as follows: "When an agreement is made, and reduced to writing, but through mistake, inadvertence, or fraud, the writing fails to express correctly the contract really made, a court of equity will reform the instrument in conformity with the real intention of the parties." See, also, *Carey v. Gunnison*, 65 Iowa, 702. It can not be doubted but that the real intention of the parties to this bond was to obli-

gate themselves to the county, and to all persons concerned in the will which Mr. Hamilton was in fact appointed to execute, and that through inadvertence and mistake, it was named as his will. In correcting this mistake in the bond, and making it express correctly the real intention of the parties, we do not make a contract for them, but simply ascertain that which they made. Sureties are as much bound by their contracts as are their principals, and we know of no reason why the same rules may not·be observed in ascertaining what their contracts are, as are applied to other persons. Our conclusion is, that at the suit of the proper party, a court of equity may reform this bond so as to make it show the correct name of the person whose will Mr. Hamilton was appointed to execute. With this correction, the bond stands conditioned for the security of that estate. The recent case of *Neininger v. State*, 34 N. E. Rep. (Ohio) 633, is, in principle, identical with this case, and fully supports the conclusions we have announced.

II. It only remains to inquire whether it was the will of John O'Brien that Mr. Hamilton was appointed

2. ——: ——. ——: to execute, and whether the appellees
evidence.    understood and intended that this bond was for him as such executor. Upon these subjects the evidence leaves no room for doubt. Hamilton was never appointed by that court to execute any other will. He was previously appointed as one of the temporary administrators of O'Brien's estate, and the appellees were his bondsmen. Upon this bond is his oath as executor of John O'Brien's will. It is the only bond he gave as such executor. It was approved and filed as his bond in that estate, and under it he was commissioned, and proceeded to administer on the estate. The appellees must have understood and intended it as Hamilton's bond as executor of O'Brien's estate, from what had preceded, and from his official oath, that was

on the bond when they justified as sureties. We do not forget that to warrant a reformation of this bond the evidence must be clear and convincing. Such is the evidence before us, and we think clearly entitled the plaintiff to a reformation of the bond, and to judgment thereon as prayed.

The decree of the district court is REVERSED.