CLINTON L. NOURSE *et al.*, Appellants, v. CHARLES WEITZ *et al.*, Appellees.

**Parties:** In order to reach funds in the possession of a bank as a depositary, the bank should be made a party to the suit.

**Appeal Bond:** RIGHTS OF OBLIGEE: SUBROGATION. Where the conditions of a bond are broken, the money deposited by a prin.

cipal to indemnify his sureties may be reached by the obligee through the equity of subrogation.

Appeal Bond: DEPOSIT TO SECURE SURETIES: HOW REACHED BY OBLIGEE. A suit in equity against the principal and sureties on a supersedeas bond for damages sustained by reason of the appeal, to which a bank with whom the principal deposited funds to indemnify his sureties is made a party, is a proper proceeding to reach the funds in the bank, and the obligee is not required to resort to garnishment for that purpose.

Appeal Bond: WHAT SECURED THEREBY. A bond given to supersede the issuance of an execution on a judgment involving specific property, conditioned to pay costs and damages adjudged against appellant on appeal and to satisfy and perform a judgment rendered on appeal, does not include rents, damages, profits or taxes in relation to the property covered by the judgment which appellant has allowed to accumulate during the appeal.

Appeal Bond: REFORMATION OF. A supersedeas bond executed through mistake may be reformed in equity.

Pleading: SUFFICIENCY OF. A pleading which contains allegations of fact sufficient to entitle the pleader to the relief asked is not bad because it also states conclusions of law.

Appeal Bond: EXTENT OF REFORMATION. In the absence of evidence as to agreed conditions in an appeal bond its reformation, if allowed, will be to conform it to the statute.

*Appeal from Polk District Court.*—HON. A. H. McVEY, Judge.

WEDNESDAY, MAY 27, 1903.

SUIT in equity to reach certain money in the hands of the German Savings Bank; to recover a judgment on a supersedeas bond in which John Collis was principal, and defendants Weitz and Wells were sureties; for subrogation to the rights of these sureties against the funds in the hands of the bank; and to reform the supersedeas bond. The trial court sustained a demurrer to the petition filed by the defendants, Weitz, Wells, and the German Savings Bank, and plaintiffs appeal.—*Reversed.*

*C. C. & C. L. Nourse* for appellants.

*Brennan & Brennan* for appellees.

DEEMER, J.:—From the petition we extract the following facts, which for the purposes of this appeal must be regarded as true: Plaintiff Nourse is the assignee of one Cox, who obtained judgment against John Collis for $5,000. After that judgment was rendered, plaintiff therein brought suit, by creditors' bill, to subject certain property then in the name of strangers to the original litigation to the payment of this judgment. He succeeded in obtaining a decree to the effect that John Collis was the owner of the property, although standing in the name of others and awarding him a special execution for the sale of the property. The defendant in that action appealed, but plaintiff therein secured the issuance of an execution, and caused the same to be levied upon the property involved in the creditors' bill, whereupon John Collis, as principal, and defendants Weitz and Wells, as sureties, executed the following bond, which was filed with the clerk of the district court: "Know all men by these presents that we, John Collis as principal, and Chas. Weitz and L. J. Wells as sureties, are held and firmly bound unto Elmer Cox in the sum of twelve thousand and two hundred dollars, which sum, well and truly to be paid to the said Elmer Cox, his heirs, executors, and assigns, we hereby bind ourselves firmly by these presents. The condition of the above obligation is such that whereas the said John Collis and Mary Collis, defendants, and C. H. Martin, trustee and intervener, have appealed from the judgment or order of the district court of the state of Iowa, in and for Polk county, rendered on the 2d day of April, A. D. 1898, in an action then pending in said court, wherein the said Elmer Cox was plaintiff, and the said John Collis and others were defendants and interveners (being cause No. 6446,

equity, in said district court), to the Supreme Court of Iowa: Now, if the said appellant shall pay to the said appellee all costs and damages that shall be adjudged against the said appellant on said appeal, and shall satisfy or perform the said judgment or order which the Supreme Court may render, or order to be rendered by the said district court, then this obligation to be void; otherwise to be and to remain in full force and virtue. Witness our hands this 26th day of April, A. D. 1898. John Collis, Principal. Charles Weitz, L. J. Wells, Sureties." The special execution theretofore issued was thereupon re-called, and the case came to this court, where the decree was modified in some respects, and otherwise affirmed. See *Cox v. Collis*, 109 Iowa, 270. In order to save the sureties on this bond from harm, John Collis, in the name of William P. Collis, a brother, deposited with defendant bank the sum of $5,500, which it is alleged was placed in the name of William P. in order to keep it from the creditors of John.

Plaintiff says that he has been deprived of the rents and profits of the property out of which he was kept by reason of the appeal; that, after selling the property to which he was found entitled by the decree of this court, there remained due him, for and on behalf of his assignor, the sum of $1,700; that during the appeal defendant Collis collected the rents of the property, allowed the property involved in the creditors' bill to go to waste, permitted it to be sold for the taxes, and allowed the property to depreciate in value more than $2,000, beside allowing taxes to the amount of $1,000 to accumulate against it. The thirteenth paragraph of the petition reads as follows:

"(13). That it is now claimed by the said John Collis, and by the sureties upon said appeal bond, that the same is not in the form of a statutory supersedeas bond; that it does not indemnify the obligees against the depreciation in value of the said property, or against loss of rents or

deprivation of the possession of the said property during the said appeal; but plaintiff avers the fact to be that it was the intention and purpose of all the parties to the said bond, including the obligors, principal and sureties, as well as the obligees, that the said bond should supersede the said decree, and should stay execution, and should indemnify the obligees against any and all depreciation in the value of the said property, and against the loss of rents and profits during the said appeal, and against all damages to the property pending the said appeal, and against any and all loss to the obligees by reason of being deprived of the possession thereof, and that said bond was in fact used for said purposes, and for each of them, and if the said bond does not conform to the said intent, and does not cover said liability, and each and every part thereof, as above fully alleged, it is the result of mutual mistake of the obligors and obligees of the said bond, and plaintiffs are entitled to a reformation of the said bond, to the end that it may conform to the object, purposes, and intent of the parties thereto."

The prayer of the petition was that if the bond does not indemnify plaintiffs against loss by waste, deprivation of rents, depreciation in the value of the property, and other losses, it be reformed so as to meet the intent of the parties; that he have judgment on the bond for $1,700, the amount still due; that the money deposited in the bank be decreed to be the property of John Collis, and be subjected to the payment of plaintiff's judgment, or that plaintiff be subrogated to the rights of the sureties in and to the said funds; and that he have any other relief to which he may, in equity, be entitled.

The demurrer was based on fourteen or more grounds, the principal ones of which were that the sureties have fully performed the condition of the bond; that they are not liable for waste, rents, profits, or depreciation in the value of the property pending the appeal; that the bond

did not lawfully supersede the decree appealed from, and cannot be enlarged or extended because the parties were mistaken as to its effect, because no reformation may be had of such an instrument, and, if permissible at all, the allegations of the petition are not sufficient to justify it, for that the allegation of mistake is a mere conclusion.

From what has been said, it is apparent that plaintiff is attempting to reach the funds in the hands of the German Savings Bank on two theories: First, that, although deposited in the name of William P. Collis, it in fact belongs to the defendant John Collis, and may be reached to pay plaintiff's judgment, whether the sureties have any right to it or not, for that, if they have no right, plaintiff is entitled to have the money subjected, and, if they have a right to its maintenance, it is for the reason that it was deposited to indemify them on the bond; and, second, if there be liability on the bond, plaintiff is entitled to be subrogated to the sureties' rights in and to this fund. Plaintiff also seeks to recover damages on the bond for depreciation of the property, rent collected by Collis, waste during the appeal, nonpayment of taxes, etc.; and he also asks that, if the bond does not cover these matters, it be so reformed as to meet them, alleging that this was the intent of the parties.

It must be confessed that the petition is a sort of drag net, but, as defendants have not seen fit to attack it for this reason, we must treat the case from the different aspects presented by the pleadings, which are

I. Parties: unassailed, except by the demurrer. The German Savings Bank joined in the demurrer. True, it is a mere depositary of the fund; but, in order that plaintiff may reach this fund, he was bound to make the bank a party. Is a cause of action stated against the bank? We think there can be no doubt on this proposition. It is either holding the money in the name of William P. for John Collis, or it is holding it to indemnify the sureties

on the bond given by John Collis. If the sureties are not liable on this bond for any of the damages claimed by plaintiff, or if the conditions of the bond have been fulfilled, then, of course, they are not entitled to the money, nor may they insist that it be held for their benefit. If, on the other hand, they are liable on this bond, then they stand as sureties, having indemnity furnished them by their principal, which the obligee or the creditor may reach through the equity of subrogation. These doctrines are very well understood, and are sustained by the unbroken voice of authority. Brandt on Suretyship (2d Ed.) volume 2, section 1419, and cases cited. So, no matter what the conclusion on the other branches of the case, the demurrer as to the German Savings Bank should have been overruled. The same ruling should have been made as to the other defendants, for the reason that they were proper parties to the suit, in so far as it was based on this theory. It is said that the remedy against the bank was by garnishment, but it is manifest that this would not have afforded complete relief, and it is doubtful if the equities of the various parties could have been determined in that character of proceeding. But however this may be, the remedy pursued in this case was at least cumulative, and plaintiff should not be compelled to resort to garnishment proceedings to work out his equities.

*2. APPEAL bond: rights of obligee: subrogation.*

*3. APPEAL bond: deposit to secure sureties: how reached.*

II. Coming now to the conditions of the bond, which was given in the proceedings to subject property, and not in the law action in which the original judgment was obtained, we find they were that appellants should pay appellee all costs and damages that should be adjudged against appellants on the appeal (none were found); should satisfy and perform the judgment or order appealed from, in case it should be affirmed (this was done, by turning over the property for sale under the special execution), and any judgment or order which

*4. APPEAL bond: what secured thereby.*

the Supreme Court should render, or order to be rendered by the district court (this court made no order, except to modify the decree in favor of one of the appellants). Thus we see that the conditions of the bond do not cover waste, damages, profits, taxes, or any other matters for which plaintiff asks judgment. The principal and his sureties have complied with the terms of their obligation, and no recovery can be had against them on the bond. Plaintiff argues that they have not satisfied and performed the judgment, for the reason that the property has not been restored to him or his assignor in the condition which it was in when the original decree was rendered. But we find no condition in the bond which required them so to do. The property itself has been surrendered to plaintiff, and sequestered according to the decree of the district court, as modified by this court. This is all the bond provides for, and, the conditions thereof having been fulfilled, the sureties are not liable. That such a bond does not cover rents, waste, depreciation in value, or any of the other matters which plaintiff seeks to recover, see *Gill v. Sullivan*, 62 Iowa, 529; *Sumrall v. Reid*, 32 Ky. 65; *Watkins v. Suter*, 11 Ky. Law Rep. 762; *Lyons v. Lancaster*, 12 Ky. 434 (33 S. W. Rep. 838); *Kennedy v. Nims*, 52 Mich. 153 (17 N. W. Rep. 735); *Hutton v. Lockridge*, 27 W. Va. 428; *Wardlow v. Steele*, 47 Tenn. 573; *Jane v. Drorbaugh*, 63 Iowa, 711; *Malone v. McClain* 3 Ind. 532; *Bush v. Fetrow*, Wils. 387; *Opp v. Ten Eyck*, 99 Ind. 345; *Boulden v. Organ Co.*, 92 Ala. 182 (9 South. Rep. 283).

Claim is made by appellees that the bond was not approved by the clerk. This we regard as wholly immaterial, so far as it relates to the matter now under consideration. The bond in fact operated as a stay, and, even if it did not contain the statutory conditions, it was valid as a common-law obligation.

While not heretofore distinctly stated, it will be observed that one condition required by statute was omitted

from the bond. This was that appellant should pay all rents of or damages to the property during the pendency of the appeal, out of the possession of which appellee was kept by reason of the appeal. Code, section 4128. This omission has an important bearing in determining the liability of the sureties on the bond.

One other suggestion may not be out of place, with reference to Collis' failure to pay taxes and other charges against the property. There can be no doubt, we think, that plaintiff or his assignor, in virtue of his decree, might have paid these exactions. They became charges against the property, no matter who finally secured it, and plaintiff has not been damaged because Collis failed to pay them. Surely the sureties on the appeal bond are not liable therefor.

III. We have then but two questions remaining: First, may a supersedeas bond be reformed in equity? And, second, if it may, are the allegations in plaintiff's 5. APPEAL bond petition sufficient to justify such reformation? reformation While much doubt has been expressed regarding the power of a court of equity to reform a supersedeas or other bond given in a judicial proceeding, this court is committed to the doctrine that such bonds may be reformed in the event a mistake has been made in their execution. *Foley v. Hamilton*, 89 Iowa, 686. Were the question *res integra*, the writer would entertain grave doubts of the right of a court of equity to correct such an instrument. But the case just referred to has support in other jurisdictions, and should be adhered to. See *Neininger v. State*, 50 Ohio St. 394 (34 N. E. Rep. 633, 40 Am. St. Rep. 674); *State v. Franks*, 51 Mo. 98; *Smith v. Allen*, 1 N. J. Eq. 43 (21 Am. Dec. 33); *Clute v. Knies*, 102 N. Y. 377 (7 N. E. Rep. 181).

Does the pleading recite such facts as would justify a court of equity in reforming the instrument as against the sureties? The paragraph of the petition which we

have quoted may be said to contain statements of gen-
6. PLEADINGS: eral conclusions, but there are also allega-
sufficiency of. tions of fact which, taken with the other state-
ments in the petition, are sufficient, in our judgment, to
make out a case for reformation. There may be some
difficulty in making proof of these averments, but that is
no reason for sustaining the demurrer; and it may be that,
with the bond reformed, plaintiff will not be entitled to
recover the damages claimed by him, but as that question
does not seem to have been raised by the demurrer, and is
not argued, we do not care to make any pronouncement
thereon.

We take it that, if reformation is had at all, it will go
no farther than to make the instrument a complete statu-
tory bond, although the parties may, of course, have the
7. APPEAL bond: obligations reformed to express the real con-
extent of
reformation. tract, whatever it may have been. In the
absence of evidence of an express agreement between
them as to the conditions of the bond, the extent of the
reformation, if granted, will be as already indicated.

Having now fully indicated our views on all the ques-
tions presented, the result of our conclusions is manifest.
The trial court should have overruled the demurrer, and,
as it failed to do so, its order is REVERSED.

BISHOP, C. J., taking no part.