CATHARINE E. DODGE, an Infant, by Guardian, etc., Respondent, v. FREDERICK M. ST. JOHN, Appellant.

In proceedings for the sale of real estate belonging to plaintiff, an infant, T. was appointed special guardian, and defendant as his surety executed a bond conditioned that said guardian would faithfully perform the trust, and "pay over, invest and account for all moneys and securities received by him as such guardian according to the order of the court." T. sold plaintiff's interest, received the proceeds, and by order of the court was required to pay over a sum stated, which was found to be remaining in his hands, of the proceeds. In an action upon the bond, *held*, it was not a defense that the plaintiff's interest in the land was contingent, not vested, and so not liable to be sold ; that assuming this to be so, and that the court in directing the sale acted without jurisdiction, the money received by the special guardian was subject to its control, and as defendant had obligated himself that his principal should obey its orders he was liable for his failure so to do.

The omission of a penalty in such a bond does not affect its validity ; its only effect is to make the liability commensurate with the condition.

(Argued May 8, 1884; decided June 10, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made September 11, 1883, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was brought upon a bond executed by defendant, given by John A. Thompson, as special guardian appointed in proceedings for the sale of plaintiff's real estate.

The condition of the bond and the material facts are stated substantially in the opinion.

*Thornton A. Niven* for appellant. The bond in suit was void for want of an expressed penalty. (*Beers* v. *Shannon*, 73 N. Y. 292; Code of Civ. Pro., § 1915.) In entertaining proceedings for the sale of the infant's real estate the court acted without jurisdiction, and such proceedings, including the bond, were null and void. (3 R. S. [6th ed.] 201, § 114; *Rogers* v. *Dill*, 6 Hill, 415; *Onderdonk* v. *Mott*, 34 Barb. 106; *Baker* v. *Lorillard*, 4 Comst. 257; 2 R. S. [7th ed.] 2176, § 13; 4 Kent's Com. 201; *Jenkins* v. *Fahey*, 73 N. Y. 355, 363.) The provisions of Dodge's will precluded a sale of the infant's real estate so long as it remained uncertain whether the widow would re-marry. (3 R. S. [6th ed.] 201, § 120; *Rogers* v. *Dill*, 6 Hill, 415.) The objection offered to the bond is of a vital or fundamental character. No primary obligation to which the acts of the obligors could attach an estoppel against themselves ever existed. (*Cadwell* v. *Colgate*, 7 Barb. 253, 259; *Germond* v. *People*, 1 Hill, 343; *Homan* v. *Brinckerhoff*, 1 Denio, 184; *Bildersee* v. *Aden*, 62 Barb. 180; *Coleman* v. *Bean*, 3 Keyes, 97; 32 How. 381; *Rose* v. *Cockcroft*, 44 N. Y. 428.) The obligors are not estopped from questioning the validity of the bond, because the element of mutuality is wanting. (*Clute* v. *Jones*, 28 N. Y. 280, 284; *Montgomery* v. *Gordon*, 51 Ala. 377.) The question as to the nullity of the proceeding is purely one of law. (*Brewster* v. *Striker*, 2 N. Y. 19, 41.) The court erred in allowing judgment for the costs of the accounting. (*Clark* v. *Montgomery*, 23 Barb. 464.)

*Geo. W. Weiant* for respondent. The court had jurisdiction to sell plaintiff's interest. (*Jenkins* v. *Fahey*, 73 N. Y. 355.) The guardian and his sureties are estopped from questioning the validity of the bond. (*Williams* v. *Woodman*, 73 Me. 16; *Loaners' B'k* v. *Jacoby*, 10 Hun, 143; *Diossy* v. *Morgan*, '74 N. Y. 11; *Coleman* v. *Bean*, 3 Keyes, 94; 32 How. Pr. 270; *Fake* v. *Whipple*, 39 Barb. 339; *Jarvis* v. *Sewall*, 40 id. 449;

*People* v. *Falcome*, 2 Sandf. 81; *Randall* v. *Dusenbury*, 7 J. & S. 174; 63 N. Y. 573; *Brown* v. *Snell*, 57 id. 286; *Spelman* v. *Terry*, 74 id. 448 ; *Gerould* v. *Wilson*, 81 id. 573 ; *Richardson* v. *Rogers*, 50 How. 403 ; *Kelly* v. *McCormack*, 28 N. Y. 318; *Shaw* v. *Tobias*, 3 id. 188–192 ; *Russell* v. *Freer*, 56 id. 67; *Darmouth* v. *Klock*, 29 Mich. 289 ; Perry on Trusts, §§ 268, 433 ; *M. E. Churches* v. *Barker*, 18 N. Y. 463 ; *Scofield* v. *Churchill*, 72 id. 565 ; *Thompson* v. *McGregor*, 9 Abb. N. C. 138.) An alteration of the bond by a stranger would not vitiate the original contract. (*Rues* v. *Overbaugh*, 6 Cow. 746; *Lewis* v. *Payn*, 8 id. 71 ; *Waring* v. *Smith*, 2 Barb. Ch. 119 ; *Jackson* v. *Malin*, 15 Johns. 293 ; *Casoni* v. *Jerome*, 58 N. Y. 315; *Gerould* v. *Wilson*, 81 id. 573.) The fact that no penalty was expressed in the bond does not affect its validity. (*Strang* v. *Holmes*, 7 Cow. 224 ; *Van Wyck* v. *Montrose*, 12 Johns. 350; *Treadwell* v. *McKeel*, 2 Johns. Cas. 340; *Brainard* v. *Jones*, 18 N. Y. 35.)

ANDREWS, J. The defendant undertook by the bond upon which the action is brought, that Thompson, the special guardian of the infant plaintiff, appointed in proceedings for the sale of the infant's real estate, should faithfully perform the trust reposed in him as guardian, and "pay over, invest and account for all moneys and securities received by him as such guardian according to the order of the court." The special guardian sold the interest of the infant in the lands described in the application and received the proceeds. He was subsequently required to account therefor, and on the accounting an order was made directing him to pay over to the general guardian of the plaintiff the sum found to be remaining in his hands of the proceeds of the sale, which order was modified as to amount by the General Term, and as so modified was affirmed.

The special guardian has neglected and refused to comply with the order of the General Term, or to pay over to the general guardian the sum adjudged against him. The facts stated show a plain breach of the condition of the bond. But

the defendant insists that he is not liable upon his undertaking, for the reason that the infant's interest in the land directed to be sold was contingent and not vested, and not, therefore, subject to be sold under the order of the court. It is undoubtedly true that the court has no inherent jurisdiction to direct the sale of real estate belonging to infants, and that its power and jurisdiction in respect thereto is purely statutory. (*Rogers* v. *Dill*, 6 Hill, 415.) The statute authorizes an infant " seized of any real estate, or entitled to any term for years in any lands," to apply to the court for the sale thereof (2 R. S. 294, § 170), and the court upon such application may order a sale. (§ 175.) It has been decided that when an infant's interest is a vested remainder the court may direct a sale, on the ground that the remainderman in such case has a seizin in law which satisfies the statute. (*Jenkins* v. *Fahey*, 73 N. Y. 355.) But the question whether a contingent interest is within the statute has not, so far as we know, been determined. We deem it unnecessary to determine that question in this case because, assuming that the infant's interest in the real estate sold in the proceedings was a contingent remainder and not subject to sale under the statute, we are nevertheless of the opinion that this action can be maintained. The money for which the special guardian was adjudged liable was received by him upon a sale made by him in that capacity under the order of the court. The special guardian clearly had no right to retain or appropriate it. He was the officer of the court, bound to obey its directions in respect to the fund. Whoever may be ultimately entitled to it, is a matter with which neither he nor the surety has any concern. If the sale was void it may nevertheless, by the consent of the parties, be carried out on the infant's becoming of age. The defendant bound himself, by his contract as surety, that Thompson would pay over the fund received by him as special guardian, and obey the order of the court in the premises. If the court, in directing the sale, acted without jurisdiction, nevertheless the money received by the special guardian was subject to its control. The defendant cannot, in

justice or consistently with his contract, be permitted to escape liability by assailing the proceedings under which his principal received the money. The ultimate right to it is *res inter alios acta*. The order of the General Term on the accounting of the special guardian, adjudging the extent of his liability and directing him to pay the sum found due to the general guardian of the plaintiff, has not been appealed from or reviewed. It is conclusive of Thompson's liability, and measures the liability of his surety. (*Methodist Churches* v. *Barker*, 18 N. Y. 463; *Casoni* v. *Jerome*, 58 id. 315.)

The omission of a penalty in the bond does not affect its validity. The only effect is to make the liability commensurate with the condition.

We find no error in the record, and the judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.