MARY J. BURNETT, Appellant, *v.* CHARLES S. WRIGHT, as Executor, etc., Respondent.

Where it appears from an instrument, when construed in its entirety, that it was intended as a security for a debt, although there is no express provision that upon the fulfillment of the condition, the conveyance shall be void, it is a mortgage and if the amount secured is left indefinite and uncertain, this may be shown by any competent proof *dehors* the instrument.

An instrument which plaintiff sought to reform and to foreclose as a mortgage was in the usual form of a real estate mortgage; it was signed, sealed, and was duly acknowleged and recorded as a mortgage; it recited a money consideration of $600; it contained a defeasance clause as follows: "This grant is intended as security for the payment of the sum of ——— in one year from the date of this instrument with interest

semi-annually, and this conveyance shall be void if such payment is made as herein specified." The court held that the amount intended to be secured could not be shown by parol and that the mortgage was void for uncertainty; that an action to foreclose could not be maintained without a reformation of the instrument, and that an action to reform was barred by the Statute of Limitations and so dismissed the complaint. *Held,* error; that plaintiff was entitled to prove by parol the amount intended to be secured; also that the instrument, without correction or reformation, was a valid mortgage and enforceable as such, as in the absence of other proof, it may be presumed that the consideration expressed, correctly represents the sum secured.

(Argued October 7, 1892; decided October 18, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 22, 1892, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

This was an action for the reformation of an instrument alleged to be a mortgage and to foreclose the same.

The facts, so far as material, are stated in the opinion.

*Martin W. Cooke* for appellant. The court erred in finding that the instrument set out in the complaint and intended as a security for the debt, as proved, was void for uncertainty, and that the omission of the amount secured constituted a patent ambiguity which prevented a recovery without reformation by the insertion of such amount in the instrument. (*Smith* v. *Jackson*, 11 Hun, 361; *Strong* v. *Mitchell*, 4 John. Ch. 167; *Lane* v. *Shears*, 1 Wend. 433; *Spencer* v. *Spencer*, 95 N. Y. 353; *Hare* v. *Fisher*, 2 Barb. Ch. 559; *Horn* v. *Keteltas*, 46 N. Y. 605; 1 Jones on Mort. [2d ed.] §§ 309, 362, 353; *Hughes* v. *Edwars*, 6 Wheat. 489; *Drummond* v. *Prestman*, 12 id. 515; 1 Greenl. on Ev. § 288; *Carr* v. *Carr*, 52 N. Y. 251; *Gill* v. *Pinney*, 12 Ohio St. 38; *Tousley* v. *Tousley*, 5 id. 78; *Hurd* v. *Robinson*, 11 id. 232; *Hodgson* v. *Shannon*, 44 N. H. 572; *Griffin* v. *Cranston*, 1 Bosw. 281; *Jackson* v. *Bowen*, 7 Cow. 13, 19; *Baxter* v. *McIntyre*, 13 Gray, 168.) The court erred in holding that the action to·

recover was barred by the Statute of Limitations. (*Brockway* v. *Wells,* 1 Paige, 616.)

*D. B. Beach* for respondent. It was indispensable for plaintiff to ask for a reformation and correction of this defective mortgage before it could be enforced, and she came into a court of equity for that purpose. (*Avery* v. *Willis,* 24 Hun, 548; *Eaton* v. *Wilcox,* 41 Hun, 61–66; *Vandawort* v. *Dewey,* 42 id. 71; 2 Pars. on Cont. 557, 563; *Syms* v. *Mayor,* 18 J. & S. 280; *Cramer* v. *Benton,* 4 Lans. 294; 60 Barb. 216; *Thomas* v. *Harmon,* 122 N. Y. 84; *Bruce* v. *Tilson,* 25 id. 194. The failure of plaintiff or her assignor to take any step to enforce this moribund security for nearly twenty years, of itself subjects the claim to well founded suspicion. (*Hubbell* v. *Sibley,* 50 N. Y. 473; Angel on Lim. [6th ed.] 21, 465, §§ 453, 454; *Hoyt* v. *Putnam,* 39 Hun, 403; *Burnett* v. *Gould,* 27 id. 366.) Plaintiff's counsel contends that this mortgage could and should be converted and transformed into a deed; this is untenable. (*Horn* v. *Keteltas,* 46 N. Y. 606.) The ten year statute of limitations was properly pleaded. (*McTeague* v. *Coulter,* 6 J. & S. 208; 3 Pom. Eq. Juris. [1st ed.] 412, §§ 1375, 1376.)

MAYNARD, J. The plaintiff was defeated at the Special and the General Term on the ground that the instrument which she sought to foreclose was defective as a mortgage and was void for uncertainty and that the objectionable defects could not be supplied by parol proof. The writing which was executed by the testator of the executor defendant to the assignor of the plaintiff on January 31, 1868, is set out in full in the complaint and is in the usual form of a real-estate mortgage. It recites a money consideration of six hundred dollars, is signed, sealed, and duly acknowledged, and was recorded as a mortgage in the proper county. It contains a provision for the defeasance of the grant if payment of the sum which it was intended to secure, should be made within one year from its date with semi-annual interest, and the ordinary

power of sale if default should be made in the payment of the principal sum thereby intended to be secured, or of the interest thereof, or any part of such principal and interest, with the authority to retain out of the proceeds the amount then due for principal and interest with the costs and charges of the sale and to pay the overplus, if any, to the mortgagor his heirs or assigns. The amount of the mortgage debt is not stated in the defeasance clause, but is left in blank, and the sentence in which it occurs is as follows: " This grant is intended as a security for the payment of the sum of ——— in one year from the date of this instrument, with interest payable semi-annually, and this conveyance shall be void if such payment is made as herein specified."

The complaint contains all the necessary allegations to support an action for the foreclosure of a mortgage and also alleges that the omission to fill up this blank was unintentional, and the first part of the prayer for relief is the usual demand for a judgment of foreclosure, and it concludes with a request that the mortgage may be adjudged to be reformed to comply with the intention of the parties. The action was commenced November 9, 1887, and the defendants interposed the plea of the Statute of Limitations, averring that both ten and twenty years had elapsed since the cause of action had accrued.

The trial court has found the due execution, delivery and recording of the mortgage as alleged; that the mortgagor was then indebted to the mortgagee in the sum of six hundred dollars; that the mortgage was given to secure the payment of such indebtedness, and that no part thereof has been paid and that the mortgage had been duly assigned to the plaintiff. There was a further finding, classed as a finding of fact, that the mortgage was defective; that the defect consisted in the omission to insert in writing in the blank the amount of the debt that was to be secured by it, and that the instrument should be reformed by inserting such amount, and that the action to foreclose the mortgage could not be maintained until it was reformed. As conclusions of law it was found that the

mortgage was void for uncertainty; that the defect in it was a patent ambiguity, and consequently the amount intended to be secured could not be shown by parol evidence, and that the action to reform the mortgage was barred by the Statute of Limitations, and that the complaint should be dismissed, and directed judgment accordingly. Judgment was thereupon entered dismissing the complaint and adjudging the mortgage void for uncertainty, and directing the clerk to make the following entry upon the record thereof. "This mortgage adjudged void for uncertainty and the remedy to reform, enforce and foreclose the same barred by the Statute of Limitations."

We think that this judgment was the result of a misapprehension of the legal force and effect of the instrument which is the foundation of the plaintiff's action. Upon the findings it must be held that this conveyance at the time of its delivery possessed all the attributes of a valid mortgage and became a good and enforceable security for the mortgage debt without the necessity of correction or reformation.

Perhaps the most concise and satisfactory definition of a mortgage is that given by Washburn in his work on Real Property (Vol. 2, p. 43), where it is stated to be: "Any conveyance of land intended by the parties at the time of making it to be a security for the payment of money or the doing of some prescribed act." It has also been said that to constitute a mortgage only two things are necessary, a conveyance of property and a cotemporaneous agreement that such conveyance shall be a security. (Thomas on Mortgages, § 13, p. 10.)

The defeasance need not be in writing at all, but may be established by parol testimony, and as was stated by Judge ALLEN in *Horn* v. *Keteltas* (46 N. Y. 605), it is now too late to controvert the proposition that a conveyance which is even absolute upon its face may in equity be shown by parol, or other extrinsic evidence, to have been intended as a mortgage; and fraud or mistake in the preparation, or as to the form of the instrument, is not an essential element in an action for relief, and to give effect to the intention of the parties. He declares

that the courts of this state are fully committed to this doctrine and that it has become a rule of property which cannot safely be departed from.

In the earlier case in the Supreme Court, of *Tibbs* v. *Morris* (44 Barb 138), Judge GROVER held that where loans are made and securities for repayment taken, such cases are in equity an exception to the general rule that the rights of the parties to a written contract must be determined by the terms of the instrument without resort to parol proof, and that it might be shown by extrinsic evidence that the transaction was in fact a loan, and that the conveyance was intended as a security for its repayment; and effect will be given to it accordingly. The plaintiff was, therefore, entitled to the benefit of whatever parol proof might be available to impress the character of a mortgage upon the instrument executed by the defendant's testator. Such evidence is not necessarily proffered for the purpose of establishing a right to a reformation of the deed; but in order to show that it was in fact a mortgage at the time of its execution; and that it has all the qualities and incidents of a defeasible grant. If the defeasible clause of the instrument is void for uncertainty, it cannot reasonably be claimed that the grantee is in a worse condition than if it had been wholly omitted, for being void it is as if it had not been inserted, and as it relates to a matter which need not be reduced to writing, the parties may by parol proof, make certain and definite that which through inadvertence, or otherwise, they have failed to intelligently express in the conveyance itself.

But, without a resort to extrinsic facts, we think there is sufficient appearing upon the face of the instrument in question to clearly establish its legal status as a valid mortgage.

The rule of construction is correctly laid down in Jones on Mortgages (Vol. I, p 49, § 69): " If it appears from the whole instrument that it was intended as a security, although there be no express provision that upon the fulfillment of the condition the deed shall be void, it is a mortgage. The substance and not the form of expression is chiefly to be regarded, and

an enlarged and liberal view is to be taken of the instrument in order to ascertain and carry into effect the intention of the parties."

Rejecting the sentence which contains the obnoxious blank, the paragraph conferring upon the grantee the power of sale expressly declares that the deed is intended as a security for some debt due from the grantor. This is enough to make it *prima facie* a mortgage. The particular debt need not be described but can be shown by any competent proof *dehors* the instrument. If it had stated that it was given to secure a debt due from the mortgagor to the mortgagee to be paid in one year with interest, without specifying any sum, it could scarcely be contended that the mortgagee could not be permitted upon foreclosure, to point out the exact obligation which the parties agreed at the time of the execution of the mortgage should be secured by it. Or if the sum stated in the mortgage differs from the amount actually intended to be secured, it cannot be doubted that the true sum may be established by independent proofs. As the securing of the mortgage debt is the real consideration of the conveyance, it is but another application of the familiar rule that the consideration of a deed is always open to inquiry, especially where it tends to uphold and not to defeat the conveyance.

There is another sufficient answer to the objection which has been made to plaintiff's right of recovery.

The instrument upon which she relies must be read and construed in its entirety. Omissions and ambiguities in one part may be supplied or explained by reference to other parts, if the necessary data can there be found for that purpose. The sum stated in the defeasance clause is intended to be the amount of the debt to be secured by the mortgage which is but another form of expressing the consideration of the grant. The indefiniteness, therefore, occasioned by the failure of the parties to fill up the blank in this paragraph of the deed, may be removed and the sum intended to be secured ascertained by a reference to the consideration clause of the instrument; for generally the consideration named in a mortgage is the

amount of the debt secured by it. (Jones on Mortgages, p. 43, § 64). It is not controlling or conclusive, if a different sum is stated in the condition of the grant, or is otherwise shown to have been the true consideration. But in the absence of other proof it may be presumed that the consideration correctly represents the sum to be secured. It is the office of that part of the conveyance to denote the inducement of the grant and until disproved it may be relied upon to perform that service.

This appeal comes here upon the judgment-roll alone, and we have no information from the record whether any parol evidence was admitted upon the trial, or, if admitted, whether it was considered by the learned trial judge in making up the findings of fact.

But the introduction of the mortgage would be sufficient in the first instance to establish the existence and amount of the mortgage debt, and unless overborne by other competent testimony impeaching its correctness, furnishes a satisfactory support to the finding that the debt secured corresponded in amount with the consideration expressed. It may fairly be inferred from the argument of counsel that some parol proof upon the subject was given at the trial; but it was not necessary for the plaintiff to resort to it as a part of her affirmative case. The instrument upon which she brought this action was therefore not fatally defective as a mortgage and she was entitled upon the findings to a judgment of foreclosure.

A new trial must be granted, with costs to abide the event.

All concur.

Judgment reversed.