CHAMBERLAIN BANKING HOUSE, APPELLANT, V. GEORGE
C. ZUTAVERN ET AL., APPELLEES.

FILED FEBRUARY 9, 1900.   No. 9,143.

1. **Homestead**: EXEMPTION.   A homestead of less value than $2,000
   is exempt from forced sale on execution issued on an ordinary
   judgment.

2. ———: WIDOW: HEAD OF FAMILY.   A widow with whom resides
   her children and grandchildren, who are under her care and
   maintenance, is the "head of a family," and is entitled to the
   benefits of the law exempting homesteads from sale on exe-
   cution.

3. ———: LEVY OF EXECUTION: ACTION OF DEBTOR: DUTY OF CREDITOR.
   Where a debtor takes the necessary steps after the levying of
   an execution upon his lands to have his homestead interest
   therein determined, it is the duty of the creditor to make ap-
   plication as provided by law for the appraisal of the premises,
   and his failure so to do will be sufficient ground for vacating
   the sale of the homestead.

ERROR from the district court of Johnson county.
Tried below before STULL, J.   *Affirmed.*

*M. B. C. True* and *Roscoe Pound,* for appellant.

*W. B. Comstock, contra.*

NORVAL, C. J.

This is an appeal from an order of the district court
refusing to confirm a sheriff's sale of real estate made
upon execution, and vacating such sale.

The objections interposed to the sale were:

1. That the property was exempt to the defendant
Wood as a homestead.

2. That, after the levy of the execution and before the
sale, said defendant served a written notice upon the
sheriff holding the writ that she claimed the real estate
as a homestead, and that the same was, therefore, exempt

from sale on execution, and that the judgment creditor failed to have her homestead right determined.

As to whether the property was the homestead of the defendant, the evidence adduced on the hearing in the court below was conflicting. That introduced by the defendant tended to show that she is a widow, sixty-nine years old, a resident of the state; that she resided upon the land in question as a home, with her servants; and that, during a greater portion of the time, certain of her children and grandchildren resided with her and were under her care and maintenance, and that the land was of less value than $2,000. The evidence was sufficient to establish that the real estate was not subject to forced sale on execution. See *Dorrington v. Myers,* 11 Nebr., 388. Moreover, the judgment creditor failed to have the homestead right of the defendant in the property determined. See *Quigley v. McEvony,* 41 Nebr., 73.

The sale was properly vacated, and the order appealed from is

AFFIRMED.

*Rehearing denied.*