(34 Misc. Rep. 172.)

### TISCHLER v. FISHMAN.

(Supreme Court, Appellate Term. February 25, 1901.)

ATTACHMENT—UNDERTAKING—AMOUNT—JURISDICTION.

    In an action commenced by attachment, in which the summons was not served on defendant, and he did not appear, the attachment undertaking was conditional that plaintiff would pay all costs which might be awarded to the defendant, and all damages which he might sustain by reason of the said attachment, "not exceeding the sum of —— dollars," and contained all other conditions required by law. *Held,* that the undertaking was sufficient to give the court jurisdiction, and sustain the attachment, since, by the failure to fix the maximum amount for which the sureties were to be liable in the undertaking, they bound themselves in an unlimited amount.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Sadie Tischler against Abraham Fishman. From an order granting defendant's motion to vacate an attachment and the judgment, plaintiff appeals. Reversed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

J. A. Seidman (A. B. Schleimer, of counsel), for appellant.
M. Feltenstein, for respondent.

ANDREWS, P. J. This is an appeal from an order vacating an attachment and a judgment. The plaintiff brought an action against the defendant to recover for goods sold and delivered, and obtained an attachment against the property of the defendant. The defendant was not served with the summons, and did not appear, and, an inquest having been taken, judgment was entered against him by default for the amount claimed in the complaint. Subsequently a motion was

made before one of the justices of the municipal court to set aside
the judgment and vacate the attachment, which motion was denied.
Afterwards the motion was renewed before another justice of that
court, and was granted, upon the ground that the undertaking upon
which the warrant of attachment was granted did not contain any
specified sum as the maximum amount for which the sureties should
be liable, as required by the Code and the consolidation act.   This
appeal is from the order granting that motion.

It is strenuously contended on this appeal that, after the motion
had been denied by one of the justices of the municipal court, it could
not be renewed before another; also that the alleged defect of the
undertaking in question was cured by an amendment allowed by the
court at the trial.   I do not, however, think it necessary to consider
either of these questions, because, assuming that no such amendment
was made, we think that the undertaking was neither void nor void-
able, and that the failure to insert an amount in the undertaking did
not affect the jurisdiction of the court to grant the attachment, and
that the attachment was sufficient to sustain the judgment.   The
material part of the undertaking is as follows:

"The plaintiff will pay all costs which may be awarded to the defendant, and
all damages which he may sustain by reason of the said attachment, not ex-
ceeding the sum of ——— dollars, and that, if the plaintiff recovers judgment,
he will pay to the defendant all money received by him upon property taken
by virtue of said warrant of attachment, or upon any bond given therefor,
over and above the amount of the judgment and the interest thereupon."

The obvious intention of the legislature in providing that a maxi-
mum amount should be inserted in the undertaking was to limit the
liability of the sureties to a sum certain, but there is no provision of
law, so far as I am aware, which forbids the sureties to bind them-
selves in an unlimited amount if they see fit to do so; and, as no
amount was inserted in the undertaking in question, this was the
legal effect of what they did.

It is unnecessary, however, to consider the matter as though the
question were an original one; for the rule of law applicable to the
case has been settled by the court of appeals in Dodge v. St. John, 96
N. Y. 260.   This was an action upon a conditional bond of the usual
form, given by a special guardian in proceedings for the sale of an
infant's real estate, and contained no penalty.   In regard to this de-
fect, Andrews, J., in the course of the opinion delivered by him, which
was concurred in by all of the other members of the court, said: "The
omission of the penalty in the bond does not affect its validity.   The
only effect is to make the liability commensurate with the condition."
The present case is a more favorable one for the plaintiff, because
the undertaking contains an express promise to pay all costs which
may be awarded to the defendant, and all damages which he may sus-
tain by reason of the attachment, and, if plaintiff recovers judgment,
to pay to the defendant all moneys received by him upon property
taken by virtue of the attachment, over and above the amount of the
judgment and the interest thereupon.

The order appealed from should be reversed, with costs to the ap-
pellant.   All concur.