STATE OF NEBRASKA, EX REL. VILLAGE OF GENOA, V. CHARLES
WESTON, AUDITOR.

FILED FEBRUARY 4, 1903.   No. 13,101.

Commissioners' opinion, Department No. 1.

Publication of Notice of Election for the Issuance of Water Bonds
Under a Village Ordinance: TIME. Under a village ordinance
calling an election at a given date as to the issuance of bonds
for the extension of water-works, and providing for publication
of notice in a certain paper for five weeks before such election,
a publication in each issue of the paper thereafter till·the
election, being five weekly publications, is sufficient notice,
although the first one was only thirty-two days before. the
election.

ORIGINAL proceeding in mandamus to require the aud-
itor to register certain village bonds, in the sum of $3,500,
for the extension of water-works. *Writ allowed.*

*Paul F. Clark, Charles S. Allen* and *Martin I. Brower,*
for relator.

*Frank N. Prout, Attorney General,* and *Norris Brown,*
contra.

BY THE COMMISSIONERS.

This is an application for a mandamus to require the
auditor to register bonds, in the amount of $3,500, for the
extension of village water-works of the village of Genoa,
in Nance county.

The auditor objects to the registering of the village
bonds which have been presented to him for that purpose
on the ground that the history of the bonds, as filed in
his office, does not disclose a notice of election duly pub-
lished in accordance with the terms of the ordinance call-
ing the election. The ordinance was adopted on the 27th
day of June, 1902. It provided (section 3) : "The village

Syllabus by court; catch-words by editor.
31

clerk shall cause to be published in the *Genoa Leader* for
five consecutive weeks prior to the said election a notice
of the special election to be held as provided in section
one of this ordinance, together with the proposition and
form of the ballots to be used at said election." Section
1 of the ordinance fixed August 5 as the date of the elec-
tion.

The first issue of the *Genoa Leader* after June 27 oc-
curred regularly on July 4, the paper having been pub-
lished on June 27. The first publication of the ordinance
in question, therefore, fell upon July 4, and could not be
sooner. This fact was known to the village board.

It is objected that five full weeks did not intervene be-
tween July 4 and August 5. The election was held on
the date provided by the ordinance, and after five publica-
tions in the newspaper mentioned, but leaving from July
4, the day of the first publication, to the election, only
thirty-two days. The auditor declined to register the
bonds because of this alleged defect.

It must be conceded that under the decisions of this
court upon various statutes, couched in similar terms,
the words "for five weeks" must be construed as meaning
during five weeks, which would be thirty-five days. *State
v. Cherry County,* 58 Nebr., 734, citing *State v. Cornell,*
54 Nebr., 647, and *Lawson v. Gibson,* 18 Nebr., 137.

The relator alleges that at most this is a mere irregu-
larity; that the statute provides for no form of notice and
no particular publication; and that it has been held that
an election may be called by an ordinance or a resolution,
or motion of the board. *State v. Babcock,* 20 Nebr., 522.
In this case it was by ordinance. The statute provides
for a publication of such proceedings, and on behalf of
the relator the claim is made that no other notice of the
election is, by statute, required; that the provision in the
ordinance for special publication of notice was simply by
way of abundant precaution, and that a failure to comply
with it strictly is not jurisdictional, and that it does not
avoid the election or the bonds.

It is further contended that as the notice is a mere proceeding, inserted by the village authorities at their own desire, and not required by the statute, their intention must be interpreted by the surrounding facts, and especially in view of the fact that they knew the publication day of the newspaper, and that it could not be regularily published sooner than July 4. This fact evidently goes far to establish that the council, in passing this ordinance, merely intended to provide for five publications before the election. These five publications were all made. The only complaint now is that the first one did not occur quite thirty-five days before election. On these two grounds,—that the statute requires no special notice, and if none at all had been published other than the ordinance itself the bonds would be good, and therefore the failure to strictly comply with the ordinance would not avoid them, and the other ground, that, inasmuch as knowledge of the situation by the council when they passed the ordinance is conceded, it must be held to provide for only such notice as could be given within the time, and that therefore the five publications made are a compliance with it,—it would seem that the election and the bonds should be upheld. If it be held that the ordinance was not complied with, it would seem to be a mere irregularity, which could not vitiate the bonds. *State v. Babcock*, 20 Nebr., 522.

It seems to us that the absolutely essential things in municipal elections, as to the issuance of bonds, are those which the statute requires; that, these latter being present, the failure in some other particular will not be fatal unless it affects a substantial right of some party interested.

In this view of the case, we are compelled to hold with the contention of the relator, and it is recommended that the mandamus be issued.

W. G. Hastings,
Charles S. Lobingier,
J. S. Kirkpatrick,
*Commissioners.*

By the Court: For the reasons stated in the foregoing opinion, it is ordered that a peremptory writ of mandamus issue.

WRIT ALLOWED.