(41 Misc. Rep. 615.)

### McMANUS v. HARRIGAN et al.

(Supreme Court, Trial Term, Albany County. November, 1903.)

1. ADMINISTRATORS—ACTION ON BOND.

An action may be brought on an administrator's bond, from which the amount of the penalty was omitted, without reformation.

2. SAME—RELIEF IN EQUITY.

Where an action is brought on an administrator's bond from which the amount of the penalty was omitted, and the complaint contains allegations authorizing either legal or equitable relief and demands for both, on proof entitling plaintiff to legal relief plaintiff may recover on the bond as a sealed instrument, though the lapse of 10 years would bar relief in equity by way of reformation.

Action by Ellen McManus, administratrix of Anthony McKnight, against Daniel S. Harrigan and Harvey T. V. Harrigan, on an administrator's bond from which the amount of the penalty was omitted. Judgment for plaintiff.

John J. McManus, for plaintiff.
Edward J. Meegan and Lewis Cass, for defendants.

COCHRANE, J. Plaintiff may recover on the bond in question without reformation. Dodge v. St. John, 96 N. Y. 260; Tischler v. Fishman, 34 Misc. Rep. 172, 68 N. Y. Supp. 787; Burnett v. Wright, 135 N. Y. 543, 32 N. E. 253.

The defendants contend that the action is one in equity for the reformation of the bond, and that, as such action would be barred by the statute of limitations, the plaintiff cannot recover. With the contention that this is solely an equitable action, I do not agree. The complaint is framed with a double aspect. It contains allegations

appropriate for either equitable or legal relief, and demands judgment for both kinds of relief. It is no more proper to say that the action is solely equitable than it is to say that it is solely a common-law action. It contains all the allegations necessary to enable the plaintiff to recover a money judgment without the aid of equitable relief. Plaintiff does not seek equitable relief, and on the facts proved is not entitled to any. But it is equally true that she does not need equitable relief, and the facts proved establish her right to a recovery not inconsistent with the complaint. Code Civ. Proc. § 3339; Stevens v. Mayor, 84 N. Y. 296; Margraf v. Muir, 57 N. Y. 158; Sternberger v. McGovern, 56 N. Y. 12; Wright v. Wright, 54 N. Y. 437; Hale v. Omaha National Bank, 49 N. Y. 626; Vinton v. Board of Supervisors (Sup.) 2 N. Y. Supp. 367; Alward v. Alward, 15 Civ. Proc. R. 151, 2 N. Y. Supp. 42; Farmers' & Merchants' National Bank v. Rogers, 15 Civ. Proc. R. 250, 1 N. Y. Supp. 757. The cases cited by defendants to the effect that legal relief may not be granted in equitable actions have no application, for the reason that those were solely equitable actions. The plaintiff may have judgment for $1,703.95, with interest from October 30, 1902, and costs, and an additional allowance of 5 per cent.

Judgment for plaintiff.