William C. Russell, F. A. Bishop and Kate Sweeney, Appellees, v. Sarah Russell, Appellant.

**Divorce:** judgment for alimony: appeal: amount of bond: reformation. On appeal from a judgment for alimony payable in monthly installments the appeal bond need not be for the full amount of the judgment, but liability on the bond may be limited to the amount which will accrue pending the appeal; and where the court fixed the amount of the bond to cover that portion of the judgment accruing pending appeal, but by mistake it was drawn to cover the entire judgment, it may be reformed to conform to the order of the court.

*Appeal from Woodbury District Court.*—Hon. David Mould, Judge.

Friday, October 18, 1912.

Suit to reform and cancel *supersedeas* bond, resulting in a decree as prayed. The defendant appeals.—*Affirmed.*

*A. & J. A. Van Wagenen,* for appellant.

*T. G. Henderson,* and *Marks & Marks,* for appellees.

Ladd, J.—An action for separate maintenance was prosecuted by defendant against her husband, Wm. C. Russell, resulting in a decree requiring him to pay for her support $80 on the 18th day of each month. The defendant therein perfected an appeal and applied to the district court to fix the amount of the *supersedeas* bond, and the court, Hon. John F. Oliver presiding, ordered: "That the

amount of the *supersedeas* bond herein be, and the same is fixed at, $1,500; the filing of a *supersedeas* bond herein in the sum of $1,500, with sureties to be approved by the clerk of this court; that all the proceedings upon the judgment and decree be stayed pending appeal."

The decree was affirmed February 7, 1911, and *procedendo* filed with the clerk of the district court February 6th following. All costs and alimony up to and including February 18, 1911, were paid by the defendant therein. The condition of the bond was that, "if the appellant shall pay to the said appellee all costs and damages that shall be adjudged against said appellant on said appeal, and shall also satisfy or perform the said judgment or order appealed from, in case it shall be affirmed, and any judgment or order which the Supreme Court may render or order to be rendered by the said district court, then this obligation to be void; otherwise to be and remain in full force and virtue." The plaintiffs, as principal and sureties thereon in this suit, prayed that the same be reformed so as to stipulate that, if all costs and alimony which shall accrue pending appeal and until *procedendo* be returned, in the event the decree be affirmed, the obligation shall be void, and also that bond be canceled as fully performed.

Application had been made by the sureties to the district court for an entry *nunc pro tunc,* and an order made February 18, 1911, finding that the order fixing the amount of the *supersedeas* bond should be corrected so as to express the ruling then made, and to read as follows: "It is further ordered that the *supersedeas* bond is to be given by the defendant and appellant, William C. Russell, for the purpose of staying the execution on the judgment herein, pending appeal and for costs, and said bond shall be further conditioned that if the defendant, William C. Russell, pay to appellee, Sarah Russell, all costs, judgment, and damages that shall accrue against said William C. Russell and in favor of the said Sarah Russell, in case the judgment ap-

pealed from shall be affirmed, up to and including the time of the return of the *procedendo* of the Supreme Court therein and the filing of the same, the *supersedeas* bonds to be void: otherwise to remain in full force and virtue."

On the hearing this *nunc pro tunc* entry was introduced in evidence, and Judge Oliver testified that in fixing the amount of the bond he computed the amount of alimony which would likely accrue pending appeal, and fixed the amount of the bond at double such sum and costs, and that at the time there was no dissent therefrom. The sureties testified that they were advised by counsel for Russell, before signing the bond, that their liability would not exceed $700 or $800; and one of them arranged with Russell to deposit the monthly payments in a bank for their protection, which he did. There was no objection to the evidence, and the court, as we think, rightly entered the decree as prayed.

Section 4128 of the Code reads: "No proceedings under a judgment or order, nor any part thereof, shall be stayed by an appeal, unless the appellant executes a bond with one or more sureties, to be filed with and approved by the clerk of the court in which the judgment or order was rendered or made, to the effect that he will pay to the appellee all costs and damages that shall be adjudged against him on the appeal, and will satisfy and perform the judgment or order appealed from in case it shall be affirmed, and any judgment or order which the Supreme court may render, or order to be rendered by the inferior court, not exceeding in amount or value the original judgment or order, and all rents of or damages to property during the pendency of the appeal out of the possession of which the appellee is kept by reason of the appeal. If the bond is intended to stay proceedings on only a part of the judgment or order, it shall be varied so as to secure the part stayed alone. When thus filed and approved, the clerk shall issue a written order requiring the appellee and

all others to stay all proceedings under such judgment or order, or so much thereof as is superseded thereby, but no appeal or stay shall vacate or affect such judgment or order."

There was no occasion for staying execution on payment, other than those which likely would mature pending appeal; and the above statute seems to contemplate such a stay in saying that, "if the bond is intended to stay proceedings on only a part of the judgment or order, it shall be varied so as to secure the part stayed alone." Of course, the penalty named limits the liability; but the condition specified may be the portion of the judgment or decree to be performed pending appeal. The court so determined, as the *nunc pro tunc* entry, from which no appeal was taken, and must be regarded as a verity, clearly indicates. The evidence leaves no doubt but that the bond was intended to conform with this entry, but by oversight and through mistake was so drawn as to cover the entire decree. Appellant argues that in such a case the trial court should fix merely the amount of the bond based on what the entire judgment would amount to, and may not direct that certain portions of the judgment be paid in event of affirmance. We discover no reason for so construing the statute, especially when the purport of its language is the other way. This involves no hardship; for it secures payment of all sums maturing pending appeal, and interferes in no way with those maturing subsequent thereto. This court is committed to the doctrine that such a bond may be reformed. *Nourse v. Weitz*, 120 Iowa, 708.

We are of the opinion that the decree of the trial court in so doing is in harmony with the record; and it is.— *Affirmed.*