IN RE ESTATE OF JOHN JOHNSON.
JULIA JOHNSON, EXECUTRIX, APPELLANT.

FILED JANUARY 15, 1916.    No. 19391.

1. Constitutional Law: DEFINITIVE STATUTE: "WEEK." The act of 1915 (Laws 1915, ch. 222) is a general act defining the word 'week" as used in our laws, and is not unconstitutional as an attempt to control judicial actions.

2. Wills: PROBATE: NOTICE. The act was not intended to change the construction of former statutes which provide for publication of notices in weekly papers.

OPINION on motion for rehearing of case reported in 98 Neb. 799. *Former judgment of affirmance vacated, and judgment of district court reversed, with directions.*

SEDGWICK, J.

Upon the motion for rehearing in this case, briefs have been filed by the attorneys involved, and also several briefs have been filed by attorneys interested in the general question involved. It is strenuously argued that the statute is unconstitutional. It is said in the brief: "The court in the case at bar erroneously concedes to the legislature the unlawful power to change the judicial construction of the existing will statute (Rev. St. 1913, sec.

1303) and to overrule *Alexander v. Alexander*, 26 Neb. 68, by legislative mandate." In the *Alexander* case the notice of probate of will was published less than 21 days, and the court held that a publication once a week for three weeks was sufficient. Under this new statute as now construed, the publication is held to be insufficient, and in an entirely similar case the same statute that was construed in the *Alexander* case is construed differently. The argument in the brief is that the legislature has no jurisdiction to direct this court to change the construction of an existing statute, and the following is quoted from the decision in *Lincoln Building & Saving Ass'n v. Graham*, 7 Neb. 173: "An expository statute, which is substantially in the nature of a mandate to the courts to construe and apply a former law, not according to judicial, but according to legislative judgment, is inoperative, and cannot control the courts in interpreting the law and declaring what it is."

The language of the statute we are construing and of the title to the act furnish some ground for the contention that the statute is unconstitutional for the reason above stated. It says what the term "weeks" shall be construed to mean, and the title of the act is to define the word "week," but this is an entirely different thing from specifying and construing a particular statute. A general law that a week in the publication of legal notices shall always be seven full days would, if valid, of course change the holding of the court in many cases in the construction of various statutes, and indirectly tend to give a different meaning to many statutes from the meaning which the court has already given them; but it is a general statute, applying in all cases, and does not enact that the court shall construe a certain statute in a certain way, but provides what shall constitute a week in the state in regard to the publication of notices. Formerly the courts were very technical in holding statutes unconstitutional, but the courts are not now looking for excuses to declare laws unconstitutional, but are seeking to avoid that un-

pleasant duty whenever they can, and this case is so different from the *Graham* case above cited that it ought to be distinguished for the purpose of upholding and enforcing a legislative enactment. The statute (Laws 1915, ch. 222) to be construed is not plain and unequivocal, and the intention of the legislature is not easily discovered. It provides that when legal notices are required to be published "any number of weeks, or for any number of weeks, the term 'week' shall be construed to mean either a period of time known as a calendar week beginning on Sunday and ending with Saturday, or any period of seven consecutive days beginning with the date of the first publication of notice."

Our former opinion construes this statute to mean that in no case will the publication be complete until the full number of weeks of at least seven days each have elapsed after the first publication. The statute would have this meaning if it simply read "a period of seven consecutive days beginning with the date of the first publication of notice," and omitted the other clause referring to calendar week, so that the clause referring to calendar week seems to have no force or effect in the statute as we have construed it. This court had decided that when a statute provided that a notice should be published three weeks successively, publication on any day during each week, if in a weekly paper, would be complete upon the last publication, but in a semiweekly paper it would not be complete until it had been published twice in each of the required number of weeks. Some statutes provided that the legal notice should be published for a certain number of weeks; some omitted the word "for" and provided that they should be inserted in a paper three successive weeks, with different variations of these several wordings, so that the decisions of the court became diverse and perhaps inconsistent. If it was the intention of the legislature to simply provide that in all publications a week should be full seven days, and that three or four weeks' publication must be three or four full weeks of seven days each after the

first publication, it was unfortunate that the statute was passed with an emergency clause. It would naturally follow that publications in the meantime after the statute took effect and before it was published would disregard the change in the law. If this statute which we are construing now omitted the expression "a period of time known as a calendar week beginning on Sunday and ending with Saturday," there would of course be no ground to doubt of its meaning. What, then, was the purpose of inserting that clause in this statute? We must give force and meaning to this expression, if possible. Prior to the enactment of this statute it was held that, when the publication was in a semiweekly or triweekly paper, one publication alone in any week was not counted. A notice could not be considered as published a week unless published in every issue of the paper in that week. If the purpose of the legislature was to remedy this condition, which the clause defining a week a "period of seven consecutive days beginning with the date of the first publication of notice," indicates, it might be considered that the clause referring to a calendar week was inserted as recognizing the existing condition of the statutes regulating publications in weekly papers. That is, these two clauses, taken together, were intended to continue the law as it had been construed as to publications in weekly papers, so that a notice published once in a weekly paper is a compliance with that statute for that week.

The sole purpose, then, of this statute is to provide for publications in other than weekly papers. When we consider the effect of the emergency clause, it seems still more probable that it was not intended by the legislature to extend the required time of publication in weekly papers without notice to those who might make such publications before the new statute should be published. Other publications generally, if complying with the former statutes, would be valid under this act. While the matter is unfortunately not free from doubt, we have concluded that this statute does not affect publications in weekly papers,

and such publication will be controlled by former statutes as heretofore considered.

Our former judgment is vacated, and the judgment of the district court is reversed, with instructions to enter a judgment reversing the judgment of the county court.

REVERSED.

FAWCETT, J., dissenting.

In my judgment the majority opinion constitutes a judicial amendment of chapter 222, Laws 1915. In our former opinion (98 Neb. 799) it is stated: "We think this act of the legislature is clear and unmistakable in its terms and relieves the situation of all doubt as to the construction which must be given to statutes of the kind therein referred to, and that section 1303, Rev. St. 1913, is clearly one of the statutes contemplated." Nothing has been said in the briefs on rehearing or in the majority opinion which, in my judgment, should cause us to change that construction of the statute referred to. I concede that it is unfortunate that the legislature passed chapter 222 with an emergency clause. It was bad judgment. But my idea of the law is that the question as to whether the legislature uses good or bad judgment in the passage of an act is not one for review by the court. I think our former judgment should be adhered to.

LETTON, J., joins in dissent.